Fred H. Pruhs et ux., appellees, v. Elmer Stanlake et ux., appellants.

No. 50492.

February 6, 1962.

Holleran, Holleran & Shaw, of Clinton, for appellants.

William B. Norton, of Lowden, and X. C. Nady, of Tipton, for appellees.

HAYS, J.—Proceedings under chapter 650, Code of Iowa, 1958, for the establishment of a disputed boundary line between city lots owned by plaintiffs and defendants respectively, and for the removal of a fence erected by defendants as a boundary between them. There was a judgment for plaintiffs and defendants appeal.

Plaintiffs' petition alleges the boundary between the lots was established by acquiescence of the parties and their predecessors in ownership for more than ten years and also allege that defendants are estopped from disputing such boundary.

There is a sharp conflict in the testimony. Plaintiffs own the property described in the petition. It is an irregular lot with an 86-foot frontage on High Street in the town of Wheatland, Clinton County, Iowa. Prior to its purchase in 1958 from one Albert Miller, the lot on the west extended north from High Street 68 feet, thence east 38 feet, thence north 64 feet, thence east 48 feet, thence south to High Street, thence west 86 feet to place of beginning. Defendants' lot with a 66-foot frontage on High Street adjoins it on the east and runs north 264 feet. To the north of plaintiffs' property was land owned by a Mr. Donald Stankee. As a condition of the purchase by plaintiffs from Miller, Miller purchased a 16.5-foot strip of ground running north along the west boundary of defendants' lot, and connecting with the Miller lot on the northeast corner, from Mr. Stankee, to provide plaintiffs with a driveway to their property from the north. Plaintiffs graded and rocked this driveway after they became owners thereof. The above facts are not in dispute.

There is substantial testimony to the effect that when Miller purchased this narrow strip of ground and after it was deeded by Miller to plaintiffs, Stankee, Stanlake, one of the defendants, and Mr. Pruhs, one of the plaintiffs, measured a 16.5-foot strip west from what Stanlake designated as his west line; that during such measurement, one end of the tape was held by Stanlake. It is not denied that Stanlake was present when the strip was measured. It is denied that he assisted therein. Shortly after this Pruhs erected a garage on the north of his land where the driveway connected. At that time Mr. Stanlake told the contractor who was erecting it that "You are far enough over" from his line. It was two to two and one-half feet west of the

fence then existing. After the garage was built, Pruhs erected a new home to the south of the garage. The building of the home, while it does not stand upon any property claimed by Mr. Stanlake, seems to have triggered the trouble and Stanlake erected the fence which is in dispute. Mr. Pruhs stated that when he purchased the property he understood that a crack in the sidewalk and a row of stumps was his east boundary. The fence erected by Stanlake is four feet west of that line on the north end, where the driveway is, and 14 inches west on the south end.

Upon the question of acquiescence to the old fence line being the boundary line there is some conflict in the testimony. Darrell Zeller stated that he once owned the land now owned by Stankee, Pruhs and Stanlake, having bought it from his grandmother's estate in 1949. Prior thereto he lived across the street from it; that from the time he owned it there was a fence from the north end halfway to the south; that the original fence was tangled and trees had grown up through it but two stumps are still in existence; that the fence was built at least five years before he owned it and was the established boundary as he knew it in 1948; that the present fence, to the naked eye, is about three feet farther west on the north end and one foot on the south end, than was the old one. There was no fence on the south end; that when he sold the land to one Elmer Ericksen, who later sold to Miller, he measured it off starting with the old fence as the line. A Ruth Van Kirk stated she lived in the Pruhs property in 1936, 1937 and 1938; that the present fence is west of the line to which they used to mow, on the south end; that there was a fence on the north end but did not remember whether it went through the stumps. Mr. Miller stated he figured the stumps were on the line between him and Mr. Stanlake. Mr. Ericksen stated that he took the trees on the north and the south as the line. Mr. James Tallett, who surveyed five properties including plaintiffs', states the old fence was about three feet east of the survey line at the north end and about on the line at the south end. The fence in controversy was erected after the survey was made and placed on the survey line. The foregoing is substantially the record before us.

I. Chapter 650, Code of 1958, is a special action for the

establishment of disputed boundaries and corners and is triable as an ordinary proceedings. Sections 650.4 and 650.15, Code of 1958. Not being triable de novo here, the findings of fact by the trial court have the force and effect of a jury verdict and will not be disturbed upon an appeal if such is supported by competent substantial evidence. Lannigan v. Andre, 241 Iowa 1027, 44 N.W.2d 354; Trimpl v. Meyer, 246 Iowa 1245, 71 N.W. 2d 437.

█ Acquiescence, as used in this chapter, means that where two adjoining owners for ten years or more mutually acquiesce in a line, definitely marked by a fence or in some other manner as the dividing line between them, such line becomes the true boundary although a survey may show otherwise and neither party intended to claim more than called for by his deed. Trimpl v. Meyer, supra; Kennedy v. Oleson, 251 Iowa 418, 100 N.W.2d 894; section 650.14, Code of 1958.

█ In the instant case both parties stated they intended to claim only the land called for by their deeds and a survey shows that the alleged acquiescence in the line was not the survey line. However the record shows that since 1943, at least, the various owners of the properties in question accepted the boundary line as being the original fence and the line of trees, the stumps of some of which are still there. It seems clear this view was that of defendants as evidenced by the location of the 16.5-foot driveway and garage. We think there is competent evidence in the record, upon this factual question, upon which a jury might have found acquiescence and that the decision of the trial court so finding is conclusive upon this court on appeal.

The trial court adjudged the boundaries and corners shall be permanently established as follows—on the south end of the property one foot east of a notch placed in the sidewalk by Surveyor Tallett and extending on a straight line to the north end of the lots and to a point three feet east of the stake there located by Tallett to identify the true line on extreme rear of the lots, and ordered the removal of the fence from such property. We agree with this finding.

II. The trial court found also that defendants were estopped to question the line claimed by plaintiffs and this is as-

signed as error. Whether this be error or not we do not determine as Division I determines the rights of the parties.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.