ELMA B. ALLEN, appellant, v. ETHEL G. MELSON, appellee.

No. 52484.

(Reported in 150 N.W.2d 292)

May 2, 1967.

Willis & Sackett, of Perry, for appellant.

Eugene R. Melson, of Jefferson, for appellee.

SNELL, J.—This is an appeal from a determination and judgment of the trial court in a special proceeding under chapter 650, Code of Iowa. It involves a disputed boundary line.

The statute, section 650.4, provides: "The action shall be a special one."

On appeal it is "heard as in an action by ordinary proceedings." Section 650.15, Code of Iowa.

Our review is not de novo. The judgment of the trial court has the effect of a jury verdict and will be affirmed if there is substantial evidence to support it. Trimpl v. Meyer, 246 Iowa 1245, 1247, 71 N.W.2d 437.

The issue tried was acquiescence.

The trial court found that defendant had proved acquiescence in an existing line and dismissed plaintiff's petition. We affirm.

Plaintiff and defendant own adjoining tracts of land in the South Half of Section 4, Township 84, Range 30, Greene County,

Iowa. Plaintiff's land is in the southeast quarter and defendant's in the southwest quarter. The tracts would ordinarily be separated by a line running south from the center of Section 4. A center post used as such by owners of the several tracts of land in the section has been in the same place for over 50 years. In 1913 and 1914 the center post was used "as a tie" in making a survey for a drainage ditch.

Plaintiff's land has been owned in her immediate family since 1939.

Defendant's land has been owned in her immediate family since 1940.

The present fence line had existed long prior thereto.

There was testimony as follows: From 1927 to 1938 plaintiff's and defendant's farms had a common owner. During the early part of that ownership there was a bypass or byroad in the general area of the present fence. It was used as a shortcut by threshing crews in exchanging work. Sometime 25 or more years ago (no one remembers the exact date) a fence was built through the center or what was supposed to be the center. The fence has since then been in the same location.

The respective farm operators have farmed up to this fence. Plaintiff claimed that this fence was not built to locate a boundary but was to restrain cattle. Restraint of livestock is what most farm fences are for.

The trial court in a comprehensive finding of fact after reviewing the testimony of the several witnesses traced the history of the land from 1917 and the history of the fence since 1938. The court found that the builder of the fence had attached it to the center post and then built it straight south, and that its location had never been changed. In 1953 one half of the fence was rebuilt on the old line.

For a little more than 20 years plaintiff's land had been managed by her brother. He testified that he had never agreed to the existing line and on several occasions had talked with defendant's husband about a survey to locate the true line. He also offered letters written by his former attorney, now deceased, referring to conversations with defendant's husband. These letters were received in evidence for impeachment purposes only:

The propriety of their admission is not challenged and need not be discussed here.

The trial court found that defendant had "clearly proved acquiescence from the year 1940 to date by the plaintiff, her land manager and her predecessor in title, her father."

I. Findings of fact in an action triable by ordinary proceedings are binding on us if supported by substantial evidence. Citations are unnecessary. See rule 344(f)(1). In the case at bar there was substantial evidence to support the trial court's findings.

II. Plaintiff under the provisions of chapter 650, Code of Iowa, brought this action to establish what she alleged to be a disputed boundary line and encroachment on her land. Defendant denied plaintiff's claim and pleaded that the existing boundary is the true boundary by acquiescence. Under this plea of acquiescence defendant had and accepted the burden of proof.

Section 650.14, Code of Iowa, provides:

"Boundaries by acquiescence established. If it is found that the boundaries and corners alleged to have been recognized and acquiesced in for ten years have been so recognized and acquiesced in, such recognized boundaries and corners shall be permanently established."

Under the issues tendered and tried neither the correctness of the location of the section center post nor the correctness of the boundary fence was controlling.

III. At one place in the trial court's findings this appears: "That when Fred Richey established the line fence he attached it and ran it straight south from the center post, * * * and not 12 feet on the Allen land."

Appellant claims error in that the court was attempting to find a true boundary line without the aid of a commission of disinterested surveyors as provided by chapter 650, Code of Iowa.

We do not so read the record nor interpret the law.

If there was proof of acquiescence in an existing line there was no occasion for a commission survey. The court did not find and did not need to find that the section center post was correctly located. The court found that the center post was there and was used as such for the building of a fence running

straight south. The denial of plaintiff's claim that there was an encroachment on plaintiff's land of 12 feet might be considered as surplusage under the narrow issue before the court, but did not indicate any error in the court's finding of acquiescence.

IV. Most of the cases cited and discussed in plaintiff's excellent brief were tried in equity and reviewed de novo. Such is not the case here. The trial court made a finding of fact adverse to plaintiff and in favor of defendant.

We find that there was sufficient evidence to support the trial court's finding and we find no reversible error. Extensive review of the many boundary line cases is unnecessary.

The case is—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.