MAURICE S. DART et ux., appellees, v. MOLLIE I. THOMPSON, appellant.

No. 52551.

(Reported in 154 N.W.2d 82)

November 14, 1967.

Beving & Swanson, of Des Moines, for appellant.

Whitfield, Musgrave, Selvy & Kelly, of Des Moines, for appellees.

RAWLINGS, J.—Plaintiffs, being contract vendees of lot 46, Grand View Acres, Des Moines, brought action under chapter 650, Code of Iowa, against defendant-owner of adjoining lot 45 to establish a common boundary.

Trial court held the line of demarcation between plaintiffs' property and that owned by defendant was established by acquiescence on the part of predecessors in interest of both parties, and plaintiffs were not estopped to have possession of land accordingly. Defendant appeals. We affirm.

Involved in the controversy is a strip of land varying in width from about 0.40′ at the rear to approximately 1.53′ at the front.

Reference will later be made to other relevant facts.

█ I. At the outset a procedural question is presented.

An action under chapter 650 is a special proceeding. Section 650.4, Code 1962.

On appeal it is reviewed as an ordinary action. Section 650.15, Code 1962.

Unlike Schauland v. Schmaltz, 252 Iowa 426, 107 N.W.2d 68, this case was tried to the court as a special proceeding and comes to us on assigned errors as in a law action. Rule 344(a) (3), R.C.P.

This means findings of fact by the trial court are binding on us if supported by substantial evidence. Rule 344(f)(1), R.C.P.; Cozad v. Strack, 254 Iowa 734, 736, 119 N.W.2d 266; DeViney v. Hughes, 243 Iowa 1388, 1392, 55 N.W.2d 478; Eggers v. Mitchem, 239 Iowa 1211, 1213, 34 N.W.2d 603; and 38 Iowa Law Review 86, 110–115.

II. Plaintiffs contend the boundary line was established by acquiescence for a period of more than ten years on the part of their predecessors in interest and those of defendant.

█ In this regard it is the law in Iowa that where two adjoining property owners mutually acquiesce for ten or more consecutive years in a line definitely marked by a fence or in some other manner, it then becomes the true boundary although a survey may show otherwise, and neither party intended to claim more than called for by their respective deeds. Mahrenholz v. Alff, 253 Iowa 446, 450, 112 N.W.2d 847; Trimpl v. Meyer, 246 Iowa 1245, 1248 and 1251, 71 N.W.2d 437; and DeViney v. Hughes, 243 Iowa 1388, 1392, 55 N.W.2d 478. See also Burby on Real Property, Hornbook Series, Third Ed., section 124.

On this subject section 650.6, Code of Iowa, provides in part: "Either the plaintiff or defendant may, by proper plea, put in issue the fact that certain alleged boundaries or corners are the true ones, or that such have been recognized and

acquiesced in *by the parties or their grantors* for a period of ten consecutive years, * * *." (Emphasis supplied.)

■ And in Boyle v. D-X Sunray Oil Co., (N.D. Iowa, E.D.), 191 F. Supp. 263, 271, 272, the court said: "It is well settled that purchasers of property cannot question a boundary line acquiesced in by predecessors in title for more than ten years. Johnson v. Trump, 1913, 161 Iowa 512, 143 N.W. 510."

Mullahey v. Serra, 220 Iowa 1177, 1180, 264 N.W. 63, and Thompson on Real Property, 1962 Replacement, section 3035, page 508, at 520, lend support to the foregoing view. But see 28 Oregon Law Review 362, 366, 367.

■ Of course the burden is upon plaintiffs to establish the alleged acquiescence by proof which is clear. Rule 344(f)(5)(6), R.C.P., and Mahrenholz v. Alff, supra.

■ III. Referring again to the case of Mahrenholz v. Alff, supra, it was there held acquiescence, as the term is here employed, means recognition of the boundary line contended for may be by claims asserted or by conduct, but must be by both parties. It involves a claim by one party, known to the other, and a failure by the latter to take any steps to the contrary for at least the statutory period. See also Kennedy v. Oleson, 251 Iowa 418, 427, 100 N.W.2d 894.

IV. A controversy developed between plaintiffs and defendant as to the boundary line existing between their respective properties when defendant commenced construction of a building.

The problems now presented are whether the trial court erred in concluding (1) plaintiffs established, by the requisite degree of proof, existence of a boundary line by acquiescence which could be now established with sufficient certainty; and (2) the doctrine of estoppel asserted by defendant is inapplicable, and does not bar plaintiffs' right to the relief requested.

We shall deal with these matters in the order presented.

V. The evidence in this case is in large part undisputed.

Alys G. Haugh and her husband acquired lot 46 in 1934. He died in 1953 and she, as sole owner, sold to plaintiffs in 1964.

Roy D. Taylor purchased lot 45 located immediately east of lot 46 in 1931. He sold it to Paul D. Smith in 1960, who sold to defendant in July 1964.

Sometime during the early 1940s and certainly prior to 1950, the Haughs, following a survey, caused a cement block retaining or restraining wall with an iron fence on top to be constructed, beginning at the front lot line and extending back approximately 50 feet from Hubbell Street on which both lots face.

About the same time Haughs had a wire fence erected commencing at a point near the south end of the wall, thence to the rear of the properties pretty much in line with the east edge of the wall.

Taylor then put a wire fence on his side, attaching it to the existing wood posts installed by Haughs. He also placed a few trees in the gap between fence and wall, considering the line between wall and fence to be a continuation of the lot line. Some of these trees were later removed.

The Haughs and Taylor at all times accepted the wall, trees and fence as the partition line or true boundary between their respective properties, and maintained their lands accordingly.

When Mr. Smith purchased lot 45 from Taylor part of the wire fence had been removed. He took out the remainder and proceeded to put up a chain link fence on steel posts. The boundary so established was never disputed by him. In fact his only question was as to whether three cedar trees placed in the area between the wall and fence line were on his or Mrs. Haugh's property.

Under this factual situation it is evident a boundary line between lots 45 and 46, other than the survey or plat line, was established by mutual acquiescence for the period required, i.e., from sometime before 1950 to 1964.

But defendant contends the claimed acquiescent boundary may not now be established with the requisite degree of certainty as to location. In so doing she cites and leans heavily on DeViney v. Hughes, 243 Iowa 1388, 55 N.W.2d 478. It was there held the judgment establishing a boundary under an

action brought pursuant to Code chapter 650 must be sufficiently definite to run a line in accordance therewith, and a buried drainage tile failed to provide the requisite degree of linear certainty.

It is thus evident DeViney v. Hughes, supra, is neither here factually in point nor persuasive.

We find substantial evidence supporting the trial court's conclusion a boundary line between lots 45 and 46, extending along the east side of the cement block wall in a straight line to front and rear of the lots, was established by acquiescence on the part of both plaintiffs' and defendant's predecessors in interest, the parties to this action were at all times here concerned accordingly bound, and the judgment is sufficiently certain to run a line in accordance therewith.

VI. As an affirmative defense defendant alleges plaintiffs, by conduct, are estopped to challenge defendant's right to proceed with construction of a building, the west wall of which is located beyond the acquiescent boundary and on or near the original westerly survey or plat line of lot 45.

In O'Dell v. Hanson, 241 Iowa 657, 664, 42 N.W.2d 86, this court held the burden to prove and establish estoppel is on the party asserting it, with strict proof of all the elements being demanded. And see rule 344(f)(5)(6), R.C.P.; Alcorn v. Linke, 257 Iowa 630, 640, 133 N.W.2d 89; State v. Raymond, 254 Iowa 828, 835, 836, 119 N.W.2d 135; 31 C.J.S., Estoppel, section 160, page 765; and 28 Am.Jur.2d, Estoppel and Waiver, section 146, page 824.

Equitable estoppel or estoppel in pais was explained and defined in Goodwin Tile and Brick Co. v. DeVries, 234 Iowa 566, 568, 569, 13 N.W.2d 310, 155 A.L.R. 346, as follows:

"The doctrine of equitable estoppel is a familiar one. It is applied to prevent fraud and injustice and exists wherever a party cannot in good conscience gainsay his own acts or assertions. Hainer v. Iowa Legion of Honor, 78 Iowa 245, 43 N.W. 185. The fraud may be either actual or constructive. Anfenson v. Banks, 180 Iowa 1066, 163 N.W. 608, L.R.A. 1918D, 482. A fraudulent intention is not essential. It is enough if a fraudulent effect would follow, allowing a party

to set up a claim inconsistent with his former declarations or conduct. Helwig v. Fogelsong, 166 Iowa 715, 148 N.W. 990; Browning v. Kannow, 202 Iowa 465, 210 N.W. 596.

"The essential elements of equitable estoppel, or estoppel in pais, have been listed as false representation or concealment of material facts, made to one without knowledge of the real facts, with the intention that it be acted upon; and reliance thereon by the party to whom made, to his prejudice and injury. Stookesberry v. Burgher, 220 Iowa 916, 262 N.W. 820. That each element should be proven clearly, convincingly, and satisfactorily is noted in Smith v. Coutant, 232 Iowa 887, 891, 6 N.W.2d 421, 424, which, after considering many authorities, states:

" 'In general, the doctrine of equitable estoppel is based upon the grounds of public policy, fair dealing, good faith, and justice, and its purpose is to forbid one to speak against his own act, representations, or commitments, to the injury of one to whom they were directed and who reasonably relied thereon. Such a doctrine is neither odious nor in disfavor, in either law or equity.' "

In connection herewith see also Alcorn v. Linke, supra, loc. cit., 257 Iowa 640, 641; Kennedy v. Oleson, 251 Iowa 418, 428, 100 N.W.2d 894; 31 C.J.S., Estoppel, section 67(a), page 402; and 28 Am. Jur.2d, Estoppel and Waiver, section 35, page 640.

VII. Whether the essential elements exist and whether the doctrine of estoppel may be applied depends, of course, on the factual situation presented.

In the case at hand the testimony discloses Mrs. Dart first learned of defendant's plan to erect a building with the east wall on or near the westerly plat or survey line about June 8, 1966. At that time she received a call from defendant who stated she was going to put up a building and was having a survey effected in order to determine location of the lot line. She also asked whether Mrs. Dart knew where the line was located. The answer given was, "I thought it was the east wall, east side of the wall, * * *".

About June 15 or 16 the contractor engaged by defendant knocked down a part of the cement block wall and removed

one tree. On the same day he commenced digging trenches for the footings. Mr. Dart went to the scene of action. He was shown a string and told by the contractor it was on the survey line. Mr. Dart then said, "I don't think we are going to fight you", then went immediately into the house to confer with his wife. He later returned and said to the contractor, "No, you go ahead. I guess we are not going to fight you."

About the same time defendant again called Mrs. Dart, who then asked defendant what she was doing. Defendant replied to the effect she was going to erect a building on a line indicated by the survey. Mrs. Dart said she was not sure it was the true line and defendant invited Mrs. Dart to have a survey run.

The contractor then began digging trenches in which to place footings for the proposed building.

June 21, trenches having been dug, the contractor had cement delivered and started putting in cement block footings.

Defendant admits that before placement of the footings began an attorney for plaintiffs called her and reported plaintiffs were not happy about location of the building. However, she never reported this or her conversations with Mrs. Dart to the contractor. Neither is any showing made that the contractor ever reported to defendant his conversations with Mr. Dart.

Defendant stated no one pointed out any boundary lines at the time she bought the property from Smith, but admitted being then aware of the retaining wall.

At all times here concerned defendant was aware of the fact plaintiffs considered the east side of the cement block wall as a marker or indicia of the real boundary. In addition she was told plaintiffs questioned her right to construct a building in the proposed location before work on the trenches had started, and in any event prior to placement of any footings.

No showing is made which discloses defendant relied on any act or conduct on the part of plaintiffs. In fact she knew nothing of Mr. Dart's statements to the contractor, and completely disregarded her conversations with Mrs. Dart.

Furthermore the record does not disclose any structure

contemplated by defendant was in fact completed. It reveals nothing more than the digging of some shallow trenches and placement of some footings.

This alone does not qualify as a substantial and valuable improvement. Neither would removal be unjust or unduly burdensome. And, where no permanent or substantial improvements have been made, the doctrine of estoppel cannot be invoked. Trimpl v. Meyer, 246 Iowa 1245, 1252, 71 N.W.2d 437.

In support of the foregoing see also Mahrenholz v. Alff, 253 Iowa 446, 454, 112 N.W.2d 847, and citations.

Under existing circumstances we find no basis upon which to conclude the trial court erred in here holding the doctrine of estoppel inapplicable.

VIII. The trial court's order provides in part: "* * * the Court retains jurisdiction to rule upon plaintiffs' request for an order requiring the defendant to remove the building now being constructed upon their property, to restore plaintiffs' property to its prior condition, and for the appointment of a commissioner to stake the boundary line as here determined by the court."

In that regard and to the end plaintiffs may not profit from defendant's installation of the footings, defendant must be granted permission to remove the cement blocks so used within such reasonable time as the trial court may prescribe.

Subject to this modification the judgment of the trial court must be affirmed, and the case remanded.

Affirmed as modified, and remanded for further proceedings consistent with this opinion.

All JUSTICES concur.