Glen H. BROWN, Appellant,

v.

Lester L. McDANIEL, Appellee.

No. 52833.

Supreme Court of Iowa.

Feb. 6, 1968.

John R. DeWitt, Griswold, for appellant.

Savery & Yarham, Atlantic, for appellee.

LARSON, Justice.

The plaintiff, Glen H. Brown, purchased Lots 7 and 8 in Block 3 in McDowell's First Addition to the City of Atlantic, Iowa, in 1949 and occupied the premises in 1952. The defendant, Lester L. McDaniel, purchased Lots 9 and 10 in Block 3 in that Addition on December 1, 1961, and it appeared he had rented these lots for several years prior thereto.

On June 24, 1966, plaintiff filed a petition under the provisions of chapter 650 of the 1966 Code alleging that a dispute exists between the parties as to the boundary line between Lots 8 and 9, that since August of 1961 plaintiff has been denied the use of six feet or more of his land by defendant's piling large quantities of various materials on plaintiff's Lot 8, and alleging that the true boundary as shown by a tree line was established by acquiescence. Injunctive relief and damages were asked.

In his answer defendant denied plaintiff's claims and alleged the true boundary line between these lots appears on a plat prepared by a registered land surveyor in October 1961 and the line marked by iron pins on the east and west line of Lots 8 and 9, Block 3, in McDowell's First Addition to the City of Atlantic, Iowa. He further alleged plaintiff had asked him to clean up Lot 9 and remove some trees and shrubs that had sprouted thereon and agreed to pay half the cost thereof. Plaintiff denied these affirmative allegations and trial was had.

It appears from Exhibit 1, a plat of Block 3, McDowell's First Addition to the City of Atlantic, Iowa, that the original lot line ran between points on the east and west line of Lots 8 and 9, 94 feet from 8th Street on the south. Lots 6 and 7 in this block were each 44 feet wide and the remaining 10 lots in the block were each 50 feet wide. Appellant contends the evidence supports his allegation that a new true line between Lots 8 and 9 had been established by acquiescence for a period in excess of ten consecutive years six feet north of the line shown on Exhibit 1, but the trial court failed to so find. The sole question presented by this appeal is whether there is competent substantial evidence to support its finding and decree. We hold there is.

I. Although in its findings the trial court said this was an action in equity, we note that it was brought under chapter 650 of the 1966 Code, which provides that such actions are special actions and on appeal are to be heard as ordinary actions. Sections 650.4 and 650.15, Code 1966. Also see Dart v. Thompson, Iowa, 154 N.W.2d 82; Pruhs v. Stanlake, 253 Iowa 642, 113 N.W.2d 300. It appears that this case was tried as a special proceeding and it comes to us on assigned errors as in a law action. Rule 344 (a) (3), R.C.P.; Dart v. Thompson, supra; Allen v. Melson, Iowa, 150 N.W.2d 292.

■ The issue of acquiescence presents mostly fact questions, and the judgment in such a case has the effect of a jury verdict. Mahrenholz v. Alff, 253 Iowa 446, 451, 112 N.W.2d 847. Thus, the findings of fact by the trial court are binding upon us if supported by substantial evidence. Rule 344 (f) (1), R.C.P.; Eggers v. Mitchem, 239 Iowa 1211, 1213, 34 N.W.2d 603; De Viney v. Hughes, 243 Iowa 1388, 1392, 55 N.W.2d 478; Cozad v. Strack, 254 Iowa 734, 736, 119 N.W.2d 266; Mahrenholz v. Alff, supra; Dart v. Thompson, supra; Allen v. Melson, supra; 38 Iowa L.Rev. 86, 110–115.

■ II. We are satisfied there is no merit in appellant's contention that his evidence conclusively shows a boundary line between Lots 8 and 9 was established by acquiescence. It is true in this jurisdiction that where two adjoining property owners acquiesce for ten or more consecutive years *in a boundary line* definitely marked by a fence, wall, or other markers, it then becomes the true boundary although a survey may show otherwise and neither party had intended to claim more than the property described in their respective deeds. Dart v. Thompson, supra, Iowa, 154 N.W.2d 82, 84; Mahrenholz v. Alff, supra, 253 Iowa 446, 450, 112 N.W.2d 847; Trimpl v. Meyer, 246 Iowa 1245, 1248, 71 N.W.2d 437; De Viney v. Hughes, supra, 243 Iowa 1388, 1392, 55 N.W.2d 478; Boyle v. D-X Sunray Oil Co., 191 F.Supp. 263 (D.C.1961). Also see Burby on Real Property, Hornbook Series, Third Ed., section 124.

Section 650.6 of the 1966 Code provides: "Either the plaintiff or defendant may, by proper plea, put in issue the fact that certain alleged boundaries or corners are the true ones, or that such have been recognized and acquiesced in by the parties or their grantors for a period of ten consecutive years, * * *."

■ It is well settled that the burden is upon the party claiming a boundary line different from that disclosed by the survey to establish the alleged acquiescence by clear proof. Rule 344(f) (6), R.C.P.; Dart v. Thompson, supra; Allen v. Melson, supra, Iowa, 150 N.W.2d 292; Mahrenholz v. Alff, supra; Kennedy v. Oleson, 251 Iowa 418, 100 N.W.2d 894; Cozad v. Strack, supra, 254 Iowa 734, 119 N.W.2d 266.

III. We shall refer to the acts and conduct of plaintiff and defendant, as well as defendant's predecessor in ownership, which might be evidence that they acquiesced in a fence line mutually recognized as a boundary between these properties, but in view of all the testimony we are not persuaded the trial court should be reversed.

After noting that all of these lots were 140 feet deep, and that under the survey Lot 7 was 44 feet wide and Lots 8, 9 and 10 were each 50 feet wide, the trial court observed that plaintiff contended the true boundary between Lots 8 and 9 was about six feet north of the survey line and had been for many years marked by a wire fence and a row of trees recognized as the boundary line by the former owners of these lots. However, after a review of the evidence submitted, it found there was not a sufficient showing that this line was ever *recognized* as the true boundary line between those lots, nor was it mutually agreed thereto by the adjoining owners for a period of ten years before the defendant acquired the property in 1961. It noted that defendant's actions thereafter clearly establish that he recognized no such contention, but claimed the six-foot strip in controversy was his property. The trial court then concluded the evidence "falls far short of establishing a boundary by acquiescence with the clarity and strength required," and we must agree.

Not only is there substantial evidence to support the trial court's findings herein, but we are convinced the evidence would require the conclusion reached by that court. Plaintiff testified there was a woven wire fence along the north line of Lot 8 and five or seven trees on that line when he acquired these premises in 1949. He said there was a gate tied to this fence at the southwest

corner of Lot 9 opening on Pine Street to the west from Lot 9. At that time Lot 9 belonged to the Whitney Estate and was under the care of Oscar Otto, acting for the trustee under the Whitney Will. The record is silent as to when Whitney acquired Lots 9 and 10 or who the previous owners were. Otto testified the true lot line was supposed to be south of the tree line, which at the time of trial was all that remained of the line plaintiff contends was the true boundary line established by acquiescence.

Although there is some evidence of the erection of this fence, there is little as to its maintenance and no direct evidence as to its purpose. The trial court found there was little or no proof that this fence line existed or was maintained after the year 1952. An employee of the Whitney Estate observed no wire at that location from 1957 to 1963 and said he burned leaves and brush from the Whitney residence across the street on this space, but an old lady who used to live there recalled a fence along that line in 1919 and said it was there prior to that time. She testified she saw remains of it about four months prior to this trial. She did not state the use made of the fence or its purpose. Another neighbor who lived on Lot 6 recalled a wire fence in that vicinity in 1950 and said when he plowed Lot 9 for the Whitneys he stayed north of it, but he did not testify as to any instruction regarding that line.

■■ There was no evidence, except that given by plaintiff, to show any use or occupation of the six feet north of the survey line by plaintiff and his predecessors in title. Plaintiff had gathered peaches for about three years from some trees four or five feet south of the old fence line, but said he did not know when they were planted. He thought defendant cut them down or ordered it done. The court did not consider that showing sufficient to permit an inference of acquiescence by silence alone, and we must agree. It is true that recognition may be by conduct or claim asserted, but it must be by both parties. It involves a claim by one party, known to the other, and failure by him to take any step to the contrary for the statutory period. Mahrenholz v. Alff, supra, 253 Iowa 446, 112 N.W.2d 847, and citations.

■ It appears the property known as Lot 9 was in a trust. The beneficial owners of this trust are not revealed and nothing appears to indicate they were aware of the fence or its purpose on Lot 9, to say nothing of plaintiff's boundary line claim. There is no showing the trustee knew of plaintiff's claim or adverse conduct toward the Whitneys' title. Thus, even if it be conceded the evidence would support a finding that a fence line existed some six feet north of the survey line, there is no showing as to its use or purpose by those holding title thereto. It may have been to fence in stock by the owners of Lot 9, or to fence out animals from a garden maintained thereon by the Whitney family. Acquiescence in the existence of a fence as a barrier, not as a boundary, is not such recognition as will establish it as the true line. Petrus v. Chicago, R.I. & P.R. Co., 245 Iowa 222, 228, 61 N.W.2d 439, 442, and citations. For this and other reasons the trial court justly felt the plaintiff had failed to carry his burden of proving the establishment of a boundary line by acquiescence, relying upon the cases of Olson v. Clark, 252 Iowa 1133, 109 N.W.2d 441; Mahrenholz v. Alff, supra; Pruhs v. Stanlake, supra, 253 Iowa 642, 113 N.W.2d 300; Trimpl v. Meyer, supra, 246 Iowa 1245, 71 N.W.2d 437. It held the evidence here fell far short of establishing by clear evidence any boundary line between Lots 8 and 9 by acquiescence and, having found its decision is supported by substantial evidence, we must affirm.

Affirmed.

All Justices concur.