**Bennie IVENER, Appellee,**

v.

**Jerry L. COWAN, Appellant,**

**Wanda Cowan, Intervenor-Appellant.**

**No. 53636.**

Supreme Court of Iowa.

March 4, 1970.

Kindig, Beebe, McCluhan & Rawlings, Sioux City, for appellant.

Gill, Dunkle, Beekley & McCormick, Sioux City, for appellee.

STUART, Justice.

Plaintiff brought this action in equity for an injunction and to quiet title to approximately five to seven acres of land along the Floyd River in Woodbury County to which he had legal title. Defendant farmed for intervenor who owned the adjoining land and claimed the tract in question by acquiescence and estoppel. The trial court quieted title in the legal titleholder. Defendant and intervenor appealed. We affirm.

I. Although the scope of our review differs with the nature of the action, whether it is statutory under section 650.6, Code of Iowa, or in equity, the rules of law are the same.

A party seeking to establish a boundary other than the legal description as disclosed by a survey has the burden of proving it by clear evidence. Jeffrey v. Grosvenor, Iowa, 157 N.W.2d 114, 122 (1968); Brown v. McDaniel, Iowa, 156 N.W.2d 349, 351 (1968) and citations. Adjoining land owners may establish a boundary line by mutually acquiescing in a dividing line definitely marked by a fence or in some other manner for a period of at least ten consecutive years, even though a survey may show otherwise and neither party intended to claim more land than called for by his deed. Brown v. McDaniel, supra, and citations; Pruhs v. Stanlake, 253 Iowa 642, 645, 113 N.W.2d 300, 302 (1962); Sieck v. Anderson, 231 Iowa 490, 1 N.W.2d 647, 650 (1942).

Acquiescence may be inferred from the silence or inaction of one party who knows of the boundary line claimed by the other and fails to take steps to dispute it for the ten year period. Brown v. McDaniel, supra; Dart v. Thompson, Iowa, 154 N.W.2d 82, 85 (1967); Mahrenholz v. Alff, 253 Iowa 446, 450, 112 N.W.2d 847, 849 (1962); Kennedy v. Oleson, 251 Iowa 418, 427, 100 N.W.2d 894, 899 (1960).

Acquiescence in the existence of a fence as a barrier, not as a boundary, is not such recognition as will establish it as a true line. Brown v. McDaniel, supra, 156 N.W. at 352; Mahrenholz v. Alff, 253

Iowa 446, 451, 112 N.W.2d 847, 849; Petrus v. Chicago, R. I. & P. R. Co., 245 Iowa 222, 228, 61 N.W.2d 439, 442 (1953); Eggers v. Mitchem, 239 Iowa 1211, 1216, 34 N.W.2d 603, 606 (1948). We see no reason why this rule should not also apply to a natural barrier.

■ The question is primarily factual and our review here is de novo.

The land involved is located in section 6, township 89, range 46 and is shown as the crosshatched area on the accompanying diagram.

E½ S1 T.89 R.47    W½ S6 T.89 R.46

PER KINS BROS

BENNIE IVENER

WANDA

COWAN

[A1256]

Prior to 1966 it was covered with brush and timber and had little value. During 1966 it was cleared when the channel of the river was straightened and a pipeline was laid. It could then be cropped or would net $60 per acre per year in the soil bank.

Mrs. Cowan received the farm located in section 1, township 89, range 47 in a divorce settlement in 1954. She and her former husband purchased the farm in 1948. There has never been a north-south fence along the section line between section 1 and section 6. The Cowan's built and maintained the east-west fence along the north side of their farm and section 6 to the river. This tract could only be used for timber pasture and her cattle grazed there and went to the river for water. In 1958 defendant, Intervenor's son, harvested some maple and usable cottonwood trees from the land. Both Jerry Cowan and his mother testified they believed all the land to the river belonged to her. She never paid taxes on any land in section 6.

Mr. Ivener acquired his farm in 1952. He always knew he had land west of the river. In 1955 one tenant tried to farm the land in question. As it was inaccessible because

of the river, Mr. Ivener very seldom went on it and then only to hunt. He never saw the Cowan's cattle on this land. He paid taxes on the land every year.

In 1966 the Army Corps of Engineers and the City of Sioux City engaged in a channel straightening project. The Cowans agreed with the contractor that they could use Cowan land for their machinery if they would clear this land. The trees were piled and Jerry Cowan burned them. He and his mother also picked up the stumps and roots and planted beans in 1966. Plaintiff received two checks from Sioux City totalling $550 for compensation in connection with the same river straightening project for easements on the piece of ground on the west side of the river.

At the time of the lawsuit plaintiff was negotiating with a pipeline company for compensation for surface installations located on the tract in question.

In April 1968 plaintiff brought a surveyor on the tract of ground to establish the north-south line. Jerry Cowan ordered them off the ground. This lawsuit resulted.

█ We agree with the trial court that intervenor failed to carry the burden of establishing acquiescence in the river as a boundary line for at least ten years by clear evidence. The titleholder knew he had land west of the river and paid taxes on it. He denies he knew Cowans maintained a fence to the river and there is no evidence to the contrary. He had not used the land because of its inaccessibility. The river constituted a barrier but the lack of use does not necessarily indicate an intention to acquiesce in ownership in someone else. Until the land was cleared, use by defendant and intervenor was casual and insufficient to prove a claim of ownership by acquiescence.

Prior to the lawsuit the legal titleholder had received compensatoin for easement rights for the straightening of the river and had granted right of way to the pipe-line company. Such conduct is inconsistent with any claim of acquiescence.

This opinion is supported by Brown v. McDaniel, supra; Pruhs v. Stanlake, supra; Mahrenholz v. Alff, supra; Kennedy v. Oleson, supra; and Trimpl v. Meyer, 246 Iowa 1245, 71 N.W.2d 437 (1955). The proof was much stronger in Dart v. Thompson, supra and Sieck v. Anderson, supra, in which a contrary result was reached.

II. Intervenor and defendant claim plaintiff is estopped from claiming an encroachment on the land because of their efforts in clearing it.

█ A property owner, who sees a neighbor, in good faith assume a boundary line at a certain location and build valuable improvements upon that assumption but stands by without objection, is estopped from complaining about any resulting encroachment. Alcorn v. Linke, 257 Iowa 630, 640, 133 N.W.2d 89, 95 (1965); Mahrenholz v. Alff, supra, 253 Iowa at 453, 112 N.W.2d 847, 851; Kennedy v. Oleson, 251 Iowa 418, 428, 100 N.W.2d 894, 900 (1960); Trimpl v. Meyer, supra 246 Iowa at 1251, 71 N.W.2d 440.

█ The person asserting the estoppel has the burden to prove it by clear evidence. Alcorn v. Linke, supra; Mahrenholz v. Alff, supra 253 Iowa at 450, 849, 112 N.W.2d 847.

█ We hold intervenor and defendant failed to sustain their burden of showing by clear evidence that plaintiff knew they were making valuable improvements to this tract of ground. Plaintiff claims he thought the clearing was done when the pipeline was put through and the river was straightened. There is no evidence that he knew of the arrangement between the Cowans and the contractor or that he knew they were responsible for the clearing and stood by and let them do it.

The evidence of knowledge in Alcorn v. Linke, supra, in which the opposite result was reached was much clearer.

We need not decide whether valuable improvements were made at the Cowans' expense.

For the reasons stated we affirm the trial court.

Affirmed.

All Justices concur except RAWLINGS, J., who takes no part.