John C. DRAKE and Lou Ann Drake, Plaintiffs-Appellees,

v.

Richard CLAAR and Oma Jean Claar, Defendants-Appellants.

No. 2–68969.

Court of Appeals of Iowa.

Aug. 30, 1983.

Scott H. Peters of the Peters Law Firm, Council Bluffs, for defendants-appellants.

James A. Pugh of Morain, Burlingame & Catterall, West Des Moines, and Donald T. Steege, Council Bluffs, for plaintiffs-appellees.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The defendants appeal from the trial court's decision that the parties acquiesced in a fence as the true boundary between their properties in this action brought pursuant to Iowa Code chapter 650 (1981). The plaintiffs and the defendants are adjoining property owners on the north-south border of certain farm land located in Pottawattamie County.

The plaintiffs filed a petition with five divisions, seeking to have established a barbed wire fence constructed by the plaintiffs along the north-south border between the parties' properties as the legal boundary between them. The first two divisions asserted that the parties acquiesced in the fence as the legal boundary, the third division presented a claim based on adverse possession, the fourth division asserted a quiet title action, and the fifth division involved a request for injunctive relief. The third division was dismissed and the fourth division was withdrawn by the plaintiffs. The defendants answered and sought as a counterclaim damages for the loss of use of the land north of the legal boundary since 1976 and for the cost of restoration of the land to crop producing condition.

I. Scope of Review. The parties sharply dispute our scope of review in this case. The defendant contends that our review is **de novo** relying upon the court's decisions in *Ivener v. Cowan*, 175 N.W.2d 121 (Iowa

1970) (in action to quiet title the court applied, in a **de novo** review, the rules of acquiescence to reach a decision); *Kennedy v. Oleson,* 251 Iowa 418, 100 N.W.2d 894 (1960) (the court, in a **de novo** review, discussed the defenses of acquiescence, adverse possession, and estoppel in an action for a mandatory injunction); and *Sorensen v. Knott,* 320 N.W.2d 645 (Iowa Ct.App.1982) (in action to quiet title the court, in a **de novo** review, held that the issue of acquiescence was dispositive). The plaintiff, on the other hand, asserts that an action brought under Iowa Code chapter 650 is a special action and that appeals therefrom shall be "heard as in an action by ordinary proceedings." Iowa Code § 650.15; *Brown v. McDaniel,* 261 Iowa 730, 732, 156 N.W.2d 349, 350 (1968). We agree with the plaintiff.

The rule is well established that actions brought under Iowa Code chapter 650 are reviewed on assigned errors as in a law action. *Davis v. Hansen,* 224 N.W.2d 4, 5 (Iowa 1974); *Brown v. McDaniel,* 261 Iowa 730, 732, 156 N.W.2d 349, 350 (1968); *Dart v. Thompson,* 261 Iowa 237, 240, 154 N.W.2d 82, 84 (1967); *Allen v. Melson,* 260 Iowa 689, 690, 150 N.W.2d 292, 293 (1967); *Cozad v. Strack,* 254 Iowa 734, 736, 119 N.W.2d 266, 268 (1963); *Pruhs v. Stanlake,* 253 Iowa 642, 645, 113 N.W.2d 300, 302 (1962); *Trimpl v. Meyer,* 246 Iowa 1245, 1247, 71 N.W.2d 437, 438 (1955); *DeViney v. Hughes,* 243 Iowa 1388, 1392, 55 N.W.2d 478, 480 (1952); *Eggers v. Mitchem,* 239 Iowa 1211, 1213, 34 N.W.2d 603, 605 (1948). The defendants' reliance on quiet title actions brought pursuant to Iowa Code chapter 649 is misplaced. Those actions are tried in equity and are reviewed **de novo**. *Sille v. Shaffer,* 297 N.W.2d 379, 380 (Iowa 1980) (issues of adverse possession and acquiescence tried by consent in equity reviewed **de novo**). The present action was tried before the court and the trial court ruled on objections as they were made at trial. *See Sille v. Shaffer,* 297 N.W.2d at 381 (the practice of ruling on objections is the hallmark of a law trial). The issue of acquiescence was the issue for determination at trial and that issue presents mostly fact questions. *Brown v. McDaniel,* 261 Iowa at 732, 156 N.W.2d at 351. The trial court indicated its understanding, without objection, that this case was governed by Iowa Code chapter 650 at the beginning of trial and in its decision. Thus, we adhere to the cases involving primarily acquiescence issues that hold an action brought pursuant to Iowa Code chapter 650 is reviewed on assigned errors as in a law action.

II. Sufficiency of the Evidence. The defendants assert on appeal that the trial court erred in finding for the plaintiffs on their claim of acquiescence and in not finding for the defendants on their counterclaim for damages. These assigned errors are essentially challenges to the trial court's findings of fact. The trial court's findings of fact are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We have carefully reviewed the entire record to determine if the trial court's decision is supported by substantial evidence. We briefly set out below the relevant evidence presented at trial.

A survey established the actual legal boundary as south of the fence which the plaintiffs sought to have established as the boundary between the properties. The defendants presented testimony that the fence was constructed between 1967 and 1971. The defendants testified that during that period of time defendant Richard Claar told plaintiff John Drake that the fence was not on the true boundary line. Defendants also testified that in April or May of 1976 the plaintiff removed the entire fence for road construction, causing a two and a half foot bank along the north side of the roadway, and then reinstalled the fence, increasing the encroachment onto the defendants' property.

The plaintiffs, in sharp dispute with the defendants, presented numerous witnesses who testified the fence was constructed by 1965. The road construction contractor testified that the filling in and leveling of the roadway occurred in 1968. Further, there was evidence which indicated only one-third of the fence had been removed for the

construction and that the fence was rebuilt in the same location. Plaintiffs testified that the only discussion between the parties in respect to the fence occurred in 1978 or 1979. This conversation, allegedly, concerned the fence posts leaning toward the north. Plaintiffs also presented evidence that the cut in the land caused by the road was only one foot.

▉ A party seeking to establish a boundary other than the legal description as disclosed by a survey has the burden of proving it by clear evidence. *Brown v. McDaniel*, 261 Iowa at 733, 156 N.W.2d at 351. Adjoining landowners may establish a boundary line by mutually acquiescing in a dividing line definitely marked by a fence or some other manner for a period of at least ten consecutive years, even though a survey may show otherwise and neither party intended to claim more land than called for by his deed. *Id.*, 261 Iowa at 732–733, 156 N.W.2d at 351. Acquiescence may be inferred from the silence or inactions of one party who knows of the boundary line claimed by the other and fails to take steps to dispute it for the ten year period. *Dart v. Thompson*, 261 Iowa at 241, 154 N.W.2d at 84–85. Acquiescence must, in large part, be determined in light of the factual situation presented. *Davis v. Hansen*, 224 N.W.2d at 6.

▉ The trial court's order found that the plaintiffs established that the parties acquiesced in the fence as the legal boundary and ordered the boundary to be established in the location of that fence. The court found that in 1968 "the plaintiffs performed major excavation work on the west end of the bordering lane to remove a dip which occurred directly off of the county road" and that the "work was obvious, visible and noticeable to the defendants, and yet there is no evidence that the defendants took any steps to assert that the land or bordering fence encroached on their property." The court also stated that "[t]here is no credible evidence that the defendants ever attempted to deny the Plaintiffs access to the lane, nor that the Defendants took any other steps to remedy Plaintiffs' encroachment until a survey was ordered in 1981."

"Acquiescence must be by both parties to make a line by acquiescence. Acquiescence is consent inferred from silence—a tacit encouragement. This involves notice or knowledge of the claim of the other party." *Eggers v. Mitchem*, 239 Iowa at 1216, 34 N.W.2d at 606. There is substantial evidence in the record to indicate that the defendants knew of the fence line for over 10 years without complaining to the plaintiffs. Moreover, even when the plaintiffs made substantial improvements in the area the defendants failed to protest to the plaintiffs. We hold that the trial court's decision that the parties acquiesced in the fence as boundary between their properties is supported by substantial evidence.

▉ Accordingly, the defendants' counterclaim for damages is barred by this determination. Defendants' counterclaim for damages is based upon trespass. *See White v. Citizens National Bank of Boone*, 262 N.W.2d 812, 817 (Iowa 1978) (the measure of damages is the value of the property before the trespass diminished by its value after the trespass). Since the parties acquiesced in the boundary, there was no trespass.

AFFIRMED.