# IN THE COURT OF APPEALS OF IOWA

No. 19-1253
Filed April 15, 2020

**RICK DONALD RHEBB,**
    Plaintiff-Appellant/Cross-Appellee,

**vs.**

**JANET MARIE CLARK,**
    Defendant-Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,
Judge.

Rick Rhebb appeals and Janet Clark cross-appeals from the district court's
ruling in this property dispute. **AFFIRMED ON BOTH APPEALS.**

Erek P. Sittig of Holland, Michael, Raiber & Sittig PLC, Iowa City, for
appellant.

Matthew J. Adam and Chad D. Brakhahn of Simmons Perrine Moyer
Bergman PLC, Cedar Rapids, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

This case involves a dispute between adjacent property owners Rick Rhebb and Janet Clark related to the boundary between their respective properties in Iowa City. Rhebb appeals the trial court's findings of a boundary by acquiescence or, in the alternative, adverse possession. Clark cross-appeals the denial of an award of damages for trespass. Finding no error, we affirm on both appeals.

**I. Background Facts and Proceedings.**

Clark owns property locally known as 5 Penn Circle, Iowa City. She bought this property in 2012 from Joseph and Sherry Pugh.

Rhebb owns property locally known as 7 Penn Circle, Iowa City. He bought this property in 2015 from Mike and Amy Kolen, who purchased the property from Nick and Sue Kemp.

Joseph and Sherry Pugh built a house on and lived at 5 Penn Circle for thirty-seven years, between 1976 and 2012. Nick and Sue Kemp built a house on 7 Penn Circle. The Pughs and the Kemps recognized a boundary by a concrete seam in Penn Circle, approximately twelve feet east of the mailbox servicing 5 Penn Circle, projecting a straight line to the southern portion of the property. Michael Pugh, Joseph and Sherry Pugh's son, remembered that his parents laid sod to that line when they moved in and then maintained the property up to this line by mowing, keeping back trees, spraying for weeds, planting flowers, and landscaping the area.

In 2016, Rhebb arranged for a survey to determine the exact boundaries of his property in the process of planning landscape work. Rhebb discovered the property line on the legal description crossed landscaped areas of Clark's property

and then proceeded down the hill.  Rhebb's contractor removed trees and plants within the legal description of his lot.



The picture below shows the survey boundary markers in the existing landscaping.



Rhebb then filed this lawsuit against Clark, asserting a claim for ejectment based on the boundary line identified in his survey and requesting that Clark remove encroaching landscaping and inanimate objects from the property. Clark asserted counterclaims of boundary by acquiescence and adverse possession, sought damages for trespass and destruction of her property, and requested a permanent injunction.

The matter was tried to the court, which found Clark had established her claim of boundary by acquiescence; in the alternative, the court also found she had proved her claim for adverse possession. The court did not award Clark damages. It denied Rhebb's claim for ejectment.

The court quieted title to a strip of land between the adjacent properties to Clark—highlighted in the diagram below in yellow.



The legal description of the disputed area is:

Beginning at the Northwest Corner of Lot 335, Oakwoods Addition, Part 7, to Iowa City, Johnson County, Iowa in accordance with the plat thereof, recorded in Plat Book 14, at page 20, of the Johnson County Recorder's Office; Thence Southeasterly 15.61 feet, along the North Line of said Lot 335 and an arc of a 50.00 foot radius curve, concave Northwesterly, whose 15.55 foot chord bears S79'06'28"E; Thence S09'59'22"W, 137.87 feet, to a point on the South Line of said Lot 335; Thence N83'13'54"W, along said South Line, 11.48 feet to the Southwest Corner thereof; Thence N08'18'09"E, along the West Line of said Lot 335, a distance of 138.82 feet, to the Said Point of Beginning; Said tract of land contains 1,862 square feet and is subject to easements and restrictions of record.

Rhebb appeals, and Clark cross-appeals.

**II. Scope and Standard of Review.**

This action was tried as an action at law and, therefore, our review is for correction of errors at law. *See* Iowa R. App. P. 6.907. Findings by the trial court are binding on us if supported by substantial evidence. Iowa R. App. P. 6.904(3)(a); see also *Brown v. McDaniel*, 261 Iowa 730, 732, 156 N.W.2d 349, 351 (1968) ("The issue of acquiescence presents mostly fact questions, and the judgment in such a case has the effect of a jury verdict. Thus, the findings of fact by the trial court are binding upon us if supported by substantial evidence." (citation omitted)).

**III. Discussion.**

*Rhebb's appeal.* Iowa Code section 650.14 (2016) provides, "If it is found that the boundaries and corners alleged to have been recognized and acquiesced in for ten years have been so recognized and acquiesced in, such recognized boundaries shall be permanently established." *See Tewes v. Pine Lane Farms, Inc.*, 522 N.W.2d 801, 806 (Iowa 1994) ("Acquiescence need not be specifically

proven; it may be inferred by the silence or inaction of one party who knows of the boundary line claimed by the other and fails to take steps to dispute it for a ten-year period.").

Rhebb asserts Clark failed to prove that a recognized boundary existed. He argues there was no artificial demarcation to create a clear boundary and part of both properties was natural and wooded with no maintenance.

The trial court found:

Pursuant to Iowa Code section 650.14, . . . Clark has met her burden of proof by clear evidence that a boundary by acquiescence was established for the disputed parcel. The undisputed testimony of Michael Pugh clearly establishes all the elements of boundary by acquiescence. His testimony established that Joseph and Sherry Pugh, predecessors in title to Ms. Clark's property, lived in 5 Penn Circle for [thirty-seven] years, between 1976 and 2012. For much longer than the [ten-year] statutory period, predecessors in title to both properties marked their boundaries by a concrete seam in Penn Circle, approximately [twelve] feet east of the mailbox servicing 5 Penn Circle, projecting a straight line to the southern portion of the property. In accordance with the acquiescence to the boundary line, Joseph Pugh maintained the property up to this line by mowing, keeping back trees, spraying for weeds, planting flowers, and landscaping the area. Mr. Rhebb's predecessor in title acquiesced to the boundary . . . .

There is substantial evidence supporting the findings. Michael Pugh testified that his father, Joseph, laid sod to the described line when they moved in and maintained the property up to this line by mowing, keeping back trees, spraying for weeds, planting flowers, and landscaping the area. He also testified the previous owners of Rhebb's property maintained the area up to and east of that same recognized line of division.

Clark testified that when she purchased the property, Joseph Pugh walked around the house and yard with her, indicating where they had mowed and

maintained. She stated she is a gardener and the property was the main reason she bought the home. Joseph showed Clark the points they used to identify the boundary, including the seam in the curb. Clark also testified she talked with Mike Kolen at the time and he also identified the boundary consistent with Joseph's description. Clark maintained the grass and landscaping, and the Kolens never expressed any concern or did anything to maintain the area. Because substantial evidence supports the trial court's findings and conclusion of a boundary by acquiescence, we affirm.[1]

*Clark's cross-appeal.* Clark appeals the court's denial of her claim for damages for trespass in which she alleged Rhebb "destroyed landscaping, reseeded the area, and committed unspeakable acts." Clark "seeks the costs necessary to restore the property to the condition it was before [Rhebb's] trespass—i.e., to replace the landscaping and restore [Clark's] property to the condition it was before [Rhebb] destroyed landscaping and graded the property."

The trial court wrote:

> In Count III of her Counterclaim, Clark seeks monetary damages against Rhebb for trespass. In her testimony, she was particularly concerned with water damage, flooding and pooling of water. The properties are situated upon a hill with Clark's property downhill from Rhebb's property. Additionally, Lemme School is situated uphill from both properties.
> The owner of the upper or dominant estate has "a legal and natural easement in the lower or servient . . . estate for the drainage of surface waters." *Thome v. Retterath*, 433 N.W.2d 51, 53 (Iowa Ct. App. 1988). The upper estate owner has the right "despite [that] the

---

[1] Because we uphold the ruling of a boundary by acquiescence, we do not address the alternative ruling with regard to adverse possession. *Cf. Rodamaker v. Biermann*, No. 16-1102, 2017 WL 1086232, at *2 (Iowa Ct. App. Mar. 22, 2017) ("Because we have affirmed the decision of the district court under a theory of adverse possession, we do not address the separate theory of boundary by acquiescence.").

quantity of water cast upon the servient estate is somewhat increased." *Id.* [(citation omitted)]. "Our case law is well established that water from a dominant estate must be allowed to flow in its natural course onto a servient estate. Where damage results, the servient owner is without remedy." *Newlin v. Callender*, 808 N.W.2d 754 (Iowa Ct. App. 2011).

Clark did not submit expert testimony concerning drainage, causation or liability. Her estimate of damages did not itemize categories of damage but simply submitted a bill for $12,738. I FIND that Clark has failed to establish that Rhebb is liable for damages to Clark.

In *North v. Van Dyke*, No. 16-0165, 2017 WL 4049278, at *1 (Iowa Ct. App. Sep. 13, 2017), the plaintiff, Eunice North, sued an adjacent landowner, Douglas Van Dyke, for trespass, loss of lateral support, and loss of trees after Van Dyke removed trees and constructed a trail that encroached on North's property. A jury awarded North damages and Van Dyke appealed, asserting the trial court had failed to instruct the jury on the diminution of value and there was insufficient evidence of diminution of value to support the jury's award. *North*, 2017 WL 4049278, at *1, *3. This court reviewed the evidence presented—which included North's own estimate of the diminution of value and expert testimony concerning remediation of the embankment of the ravine—and found there was substantial evidence to support the jury's award. *Id.* at *4–5.

Here, however, Clark testified she had more water crossing her property and more standing water at the base of her property after Rhebb's landscaping work. Clark offered only a non-itemized quote with this general description:

> Install dirt berm along property line Approx 25' x 2' to push water toward back of yard. Remove 4 wild sapling trees and make 3' x 60' swail from drain culvert + install rip rap rock to slow water down. Add dirt to washed out areas Approx 4 truckloads. Haul debris away.
> Regrad pathway + put new Fabric + mulch Approx 3' X 80'
> Plant 2-serviceberrys, 1-hackberry + 30-misc plants that was in waters path.

Material 3755.00
Labor     8150.00
          11,905.00
tax        833.35
          12,738.35

The quote includes items such as building a berm, removing sapling trees, creating a drainage swale, and installing rip rap rock. We agree with the trial court Clark did not prove Rhebb was liable for such damage. Clark did testify that Rhebb removed two serviceberry trees, a hackberry tree, and unidentified plants from the disputed area but presented no evidence on the cost to replace them. The evidence Clark presented is wholly insufficient to meet her burden to prove the damages she claims. We therefore affirm on the cross-appeal.

**AFFIRMED ON BOTH APPEALS.**