GUS J. MILLER ET AL., Appellants, v. HENRY KRAMER, ET AL., Appellees, and GUS J. MILLER ET AL., Appellants, v. HENRY KRAMER ET AL., Appellees.

**Appeal:** EFFECT OF REVERSAL: INJUNCTION. The reversal on appeal of a judgment sustaining a demurrer to an answer operates to annul a permanent injunction entered upon the election of defendant to stand on the answer.

**Same:** BURDEN OF PROOF: HARMLESS RULING. An equity action is triable *de novo* on appeal; so that the appellant is not prejudiced by any error of the trial court as to the burden of proof, if upon the whole record its judgment was correct.

**Injunction:** PARTIES. Parties over whose lands the defendant, in a suit to enjoin the establishment of a highway, may have been entitled to a right of way are neither necessary nor proper parties.

**Judgments:** CONCLUSIVENESS: *Certiorari.* The appeal of a cause does not affect its binding force unless a stay or restraining order has been entered: So that a judgment refusing an injunction is binding upon the plaintiff, in a subsequent *certiorari* proceeding to review the action of the court therein, as to all issues which were or might have been presented in that action, notwithstanding the pendency of an appeal; and the inquiry in the *certiorari* proceeding, if permissible at all, must be confined to such matters as arose after entry of the decree in the injunction suit.

**Highways:** APPOINTMENT OF COMMISSIONERS. Commissioners appointed in a highway proceeding, but prevented from acting by a suit in injunction, may be reappointed after the injunction was dissolved.

**Certiorari:** WHEN IMPROPER REMEDY. That a decree was obtained upon false and fraudulent testimony is not ground for the issuance of a writ of *certiorari;* the remedy is a petition for new trial. Nor will error in ruling upon evidence authorize an issuance of the writ.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, FEBRUARY 10, 1912.

THESE two cases are the aftermath of *Miller v. Kramer,* 148 Iowa, 460.   One is a continuation of the former case, being an appeal from a decision on the merits, and the other is a *certiorari* proceeding brought to determine the legality of the entire proceeding in the main case.   The cases were tried separately in the district court, and were so submitted here; but for a better understanding of the points involved and to secure brevity they will be disposed of in one opinion.   The trial court dismissed the petition in each case, and plaintiffs appeal.—*Affirmed.*

*John L. Benbow,* for appellants.

*R. N. Johnson* and *T. B. Snyder,* for appellees.

PER CURIAM.—When the case was first before us, nearly every question of law was disposed of, and reference to the opinion there filed will disclose the issues in the main case.   The law thus announced is controlling on this appeal, no matter whether right or wrong.   After remand to the district court, defendants filed a substituted answer; but this did not in any manner change the issues or avoid the ruling made on the former appeal.   Plaintiff filed a reply to this substituted answer, in which he averred:

And therein prayed that the court partition the said realty between the plaintiff and the defendants therein; that a demurrer of the defendants therein was sustained by the court to the said petition, and thereupon the plaintiff therein filed an amended and substituted petition in which he claimed that he had purchased the tract of realty described in 'Exhibit A' thereto, and asked for a decree of specific performance against the defendants of the instrument which is set out in his answer in this case as 'Exhibit D,' to which the defendants filed a demurrer which was sustained by the court, and, upon the plaintiff standing

upon his pleadings a final entry, judgment and decree by the court was made upon the record; that the plaintiffs herein hereby refer to the original petition in equity for partition, and the amended and substituted petition therein, asking for specific performance, and to Exhibit A thereof, and the record entries of the court entered upon the said pleadings are hereby referred to in support of this plea of election, a prior adjudication, estoppel of record, and abandonment by defendant of any right to maintain an application under section 2028 and section 2029, of the Code of Iowa and Supplement of 1907 to the Code; . . . that, by the filing and maintaining of the said suit and the filing of the several petitions therein, he elected, asserted, and claimed the right of way over and across the tract of realty owned by the plaintiffs in this action by virtue of Exhibit D [this Exhibit D is the contract between plaintiff, Gus Miller, and the defendant Kramer, referred to in 148 Iowa under the same designation] attached to his answer herein; that he is now estopped of record by his said institution of the said proceedings and by the adjudication of this court therein from seeking to again litigate the said matters in this action.

It is claimed for the pleading that it showed an election on the part of defendant Kramer to rely upon a contract, and that he is estopped by the judgment in the partition proceedings from further prosecuting this proceeding. A sufficient answer to this contention, we think, is that the proceedings to establish the road were pending when the partition suit was brought. The proceedings to establish the road were never abandoned, but were delayed because of the temporary injunction issued in this case. If there was any election at all, it was to establish the way over the land, for this was the first proceeding begun, and, if a defense anywhere, it might have been pleaded as such to the partition suit; but this was not done. Moreover, we do not think the judgment in the partition suit is a bar to this action. Defendant may have no right of partition or to enforce his contract with plaintiff, and yet be entitled to the road, and, if he owned the land and was entitled to

use it, plaintiff had no right to enjoin the use thereof by defendant. We do not think this reply tendered any valid defense to defendant's answer and cross-petition.

The only questions touching the merits, in view of the law announced on the former appeal, are these: First. Has the defendant, or had he at the beginning of this action, a public or private way to his land? Second. Is the proposed road on the division line or immediately adjacent thereto?

The trial court answered the first of these questions in the negative and the second in the affirmative, and, after considering all the testimony, we think its conclusions are correct. The testimony amply sustains both findings and the decree dismissing plaintiffs' petition in the main case, unless it be for some other proposition argued.

The principal point here relied upon is that the permanent injunction decreed and issued in the original case, which was appealed to this court, was not disturbed for the reason that no appeal was taken therefrom, and that after remand upon the reversal here nothing could be done by the trial court to disturb that decree. Reference to the opinion on the first appeal will show that a decree of permanent injunction was issued in that case because of defendant's election to stand upon his answer to which a demurrer had been sustained. The effect of the ruling here holding that the demurrer should have been overruled was to reinstate the answer and annul the decree of permanent injunction. The *procedendo* which issued after the reversal and which was filed in the court below recited that: "Whereas, the Supreme Court of said state being lately certified of the record and proceedings in a certain cause which was in said district court, wherein Gus J. Miller et al. were plaintiffs, and Henry Kramer, appellant, defendant, wherein there was an appeal from the order and judgment rendered in the district court to the Supreme Court, and the said

1. APPEAL: effect of reversal: injunction.

court having duly examined the record and proceedings aforesaid in the premises, at Des Moines, in said state, on the 16th day of June, 1910, did reverse the judgment aforesaid, as rendered in the court below, and order further proceedings to be had in said court not inconsistent with the opinion of the Supreme Court: Therefore you are hereby commanded that, with the speed which of right and according to law you may, you proceed in the manner required by law in harmony with the opinion in this court, anything in the record or proceedings aforesaid heretofore certified to the contrary notwithstanding." The effect of this was to set aside the entire decree heretofore entered, and the entire case was retried upon proper issues in harmony with the opinion of this court. There is manifestly nothing in the claim that the permanent injunction stands. Cases in support of so plain a proposition need not be cited.

Again, appellants contend that the trial court was in error in casting the burden of proof upon them to establish the facts in issue. The case was tried as in equity, 2. SAME: burden of proof: harmless ruling. and is triable *de novo* here. We do not know that the court below put the burden upon plaintiffs; but, if it did, there was no error if, upon the whole record, the judgment is correct. The case comes to us anew, and we think the trial court was correct in its findings of facts, no matter where the burden of proof.

Again it is contended that the case should be reversed because defendant Kramer did not, after the reversal and remand, bring in the necessary parties to a complete 3. INJUNCTION: parties. settlement and adjudication of the rights of all who were interested. The exact point here is, as we understand it, that said defendant should have filed a cross-petition against other persons who it is claimed owned land over which he, defendant, had or was entitled to a private or public way, served notice upon

them, and brought them into court in order that said way might be established over their land; thus avoiding the necessity of passing over the plaintiffs' land. There is no merit in this contention.

Plaintiffs brought this action against the defendant to enjoin him from proceeding to establish a way over their lands under the provisions of sections 2028 et seq. of the Code. To this action the parties over whose land it is claimed defendant Kramer had or was entitled to a right of way were neither necessary nor proper parties. Defendant Kramer was not claiming that he had any right of way over the lands of these parties; hence it was not necessary to bring them into the case. Whether he had such right or no and whether such right, even if it existed, was of any value, was an issue in the case, and no other parties were necessary to a determination of that issue than those who were made parties. This matter was fully considered on the former appeal, as will be observed from reading the opinion in 148 Iowa.

One other question argued by appellant's counsel was not made an issue in the court below, and, of course, can not be considered here. It appears from the record that the trial court exercised unusual care in the hearing of this case. He not only listened patiently to the testimony, but with counsel personally went over the ground and examined conditions for himself, and filed a written opinion which has been of great assistance to us in considering the merits of the appeal. We are content with the result reached, and the first case should unquestionably be affirmed.

The second case is a *certiorari* proceeding, commenced on January 25, 1911, which was after the decree rendered in the court below in the first case here disposed of. The parties to this case are the same as in the original case, save that a new sheriff has been elected in place of Datin, who was a party to the original case, and L. G. Jones

is made a party in the case, instead of Ernest Beach; the reason for the change being that Beach was one of the members of the original sheriff's jury, but, when a new jury was called, after the decree in the main case was entered, Jones was selected in his stead. While, as we have said, this second proceeding is a *certiorari* action, no one is made a party, save the defendant Kramer, the then sheriff of Lee county, and the then appointed commissioners, or sheriff's jury, it is alleged that plaintiff had an action pending, being the first one considered in this opinion, against the defendants therein mentioned; that a temporary writ of injunction was issued in said case, which was afterwards made permanent against all the defendants save Kramer; that the said case is now pending on appeal in the Supreme Court of Iowa; that the said appeal and the rights asserted by the defendants herein have not been finally adjudicated in their favor in said action still pending on appeal; that the said defendant, Henry Kramer, in his answer in said action pending has alleged facts showing that he was not and is not entitled to maintain the proceedings before the said sheriff and is thereby estopped of record; that this court and the Supreme Court of Iowa have assumed and taken jurisdiction of the rights of the respective parties therein in said action, and have determined some of the issues in favor of these plaintiffs, and others are still pending on appeal, and not finally adjudicated; that the said defendant John J. Crimmins, as sheriff of Lee county, Iowa, has not jurisdiction of the said proceedings, and is proceeding in violation of the rights of these plaintiffs; that the said Henry Kramer is in contempt in violating the orders of this court, and the defendants H. J. Schroeder, C. J. Hyde, Julius Eichorn, Ernest Beach, J. B. Helling, and Adolph Buechel are about to violate the order of this court, and trespass upon the rights of these plaintiffs, unless summoned in this proceeding under a writ of *certiorari* to

answer to this court in the premises. A writ of *certiorari* was asked, commanding defendants to certify all the records with reference to the establishment of the highway in question in order that the present proceedings with reference to the establishment of the highway might be annuled and set aside. In response to this, the then acting sheriff made a return of his proceedings, which return shows that they were in accord with section 2028 et seq. and other provisions of the Code with reference to the establishment of rights of way, down to and including the award of damages made by the commisioners to the plaintiffs for the establishment of the proposed road. Upon the coming in of this return, defendants moved to discharge the writ, and to dismiss the case for various reasons, some of which will be hereinafter referred to.

A long amendment was then filed to the plaintiffs' petition, alleging as grounds for the writ that defendant Kramer was not entitled to the road for practically the same reasons as set out in his petition in the main case, which we have disposed of in the first branch of this opinion. The case then went to hearing, and a great amount of testimony was taken; the result of the whole matter being a decree dismissing plaintiffs' petition at their costs. The trial court found that all the proceedings in the main case and by the sheriff and the commissioners appointed by him were regular and in accordance with law, and the defendants' motion to discharge the writ and to dismiss the petition, which was submitted with the case, was sustained and plaintiffs ordered to pay the cost of the proceedings. The appeal is from these rulings.

The case itself is unusual and peculiar, and we have had some difficulty in understanding the positions taken 4. JUDGMENTS: conclusiveness: *certiorari*. for plaintiffs on this appeal. The facts are that, when this case was commenced, the original action had been disposed of by the trial court, and the petition for an injunction, based

upon the same grounds as those set out in the amendment to the petition filed in this case, had been dismissed. This, of course, amounted to an adjudication binding upon the plaintiffs as to all those issues and as to all which might have been presented in that action. It is true that plaintiffs had appealed the original case to this court before commencing the present action; but, as they secured no stay or restraining order from this court, the appeal in no manner affected the binding force of that decree. As soon as the decree was passed dismissing plaintiffs' injunction in the main case, defendant Kramer had the right to proceed to establish the way which he was claiming and in pursuance of that right to apply to the sheriff for the appointment of commissioners to assess the damages to the plaintiffs caused by the establishment of the road. This he did, and the then sheriff appointed the commissioners, and these commissioners proceeded and made their award to the plaintiffs. This was the status when this so-called action of *certiorari* was commenced.

It is perfectly manifest that nothing could be considered by the trial court upon the hearing of this second case, save, perhaps, the regularity of the proceedings had after the decree in the main case had been entered. Appellants have filed a long brief covering almost every conceivable question growing out of the controversy between the parties. Counsel have asked us on the appeal in this case to consider every question heretofore presented, when the appeal was first before us, every issue raised in the main case which has been disposed of in the first branch of this opinion, and some other questions which they claim are especially raised on the appeal of this *certiorari* proceeding. Manifestly this can not be done, even if this proceeding in *certiorari* were a proper one. The claim that there was and is a permanent injunction against some of the defendants in this case by reason of the proceedings in the main case has already been answered in the opinion here

filed in the main case, and need not be again considered. Indeed, they could not be again reviewed in a *certiorari* proceeding. If there be anything in the claim of former adjudication it is against the plaintiffs, for the adjudication in the court below was against them. The only point, if there be one, is that the trial court acted illegally in not giving effect to the claimed decree of permanent injunction against some of the defendants to this case. There is a two-fold answer to this: First, neither the trial judge nor the court which it is claimed acted illegally was made a party to the *certiorari* proceedings; and, second, there was no permanent injunction against any of these defendants. This will appear from the opinion now filed in the main case. It is useless to cite authorities to the effect that the decree entered by the trial court in the main case is an adjudication and final until reversed by this court, even though there be an appeal pending, for this is elementary law. Some claim is made that the statutes involved in the main case, and the proceedings had thereunder are unconstitutional, but no such issue is presented by the pleadings and of course it will not be considered.

Again, it is said that, as the sheriff was a party to the original proceedings and interested therein, he could not appoint commissioners to award the damages because of his interest. The proposition upon which this argument is based is untrue in fact. One Datin, the then sheriff of the county, was a party to the main case, but he is not a party here, nor was he called upon to take any action. After the petition in the main case was dismissed Kramer called upon the then sheriff, Crummins, who is a party to this action, but who was in no manner interested in the main case, to summon commissioners to award the damage to plaintiffs. There is absolutely no reason why he should not comply

with this request. He was neither interested, nor was he a party to the main suit.

Nor is there any reason why the commissioners who were first appointed, but who never acted, should not have been reappointed after the main case was disposed

**5. HIGHWAYS:** appointment of commissioners. of. The sheriff's deputy acted in the matter of appointing the commissioners and in all the other proceedings, but, as he acted in the name of the sheriff by deputy, there was no error or irregularity here.

Again, it is claimed that the decree in the main case

**6. CERTIORARI:** when improper remedy. was procured upon false and fraudulent testimony. But this is no ground for the issuance of a writ of *certiorari*. A petition for a new trial would be the only remedy in such a situation.

Again, it is said that the court erred in rejecting certain testimony offered in the main case. But this is not ground for the issuance of a writ of *certiorari*.

Enough of this. We have already given the case more consideration than it warrants. There is no basis whatever for the claim that the sheriff or any of the commissioners appointed by him have acted illegally or without jurisdiction, and the other propositions are simply a rehash of the arguments made in the main case, which can not, of course, be considered in this *certiorari* proceeding. The *certiorari* proceeding is absolutely without merit, and the trial court was right in sustaining the motion to dismiss the same, and in taxing the costs to plaintiffs. It is unfortunate that they will have to pay not only these costs but a large bill of costs in this court; and we can hardly conceive of any excuse for bringing this *certiorari* proceeding. Consideration of the most elementary rules with reference to such proceedings would have suggested the absolute futility and certain defeat of such an action. It was quite enough of a burden to appeal

the main case, in view of the decision made when the
case was first before us, without subjecting the client to
such a large bill of costs as have been occasioned by these
*certiorari* proceedings.    More consideration has been given
to this prolonged litigation than it is entitled to and it is
to be hoped that this is the last chapter.

The result is that the orders, judgments, decrees, and
rulings made and entered in each case are *affirmed*.