H. E. MARRON, Administrator, Appellee, v. TOMIE LYNCH, Appellant.

No. 41469.

NOVEMBER 22, 1932.

Condon & White, for appellant.

W. H. Antes and M. E. Geiser, for appellee.

■ EVANS, J.—The plaintiff is the administrator of Thomas Lynch, Sr., who died May 10, 1928. The alleged agreement of compromise set up by the defendant was entered into, if at all, on or about November 1, 1927. The pleading of the defendant is that on or about the year 1903, when he was about to attain his majority, his father asked him to stay at home upon the farm for six or seven years, and that in consideration of his doing so, the father would give him 80 acres of land; that the defendant did stay at home and continued to work up to and including the year 1910; that about that time he was married and took up farming for himself; that in 1926 the father conveyed to the defendant *forty* acres of land, and no more; that the alleged compromise of November, 1927, was predicated upon the failure of the father to convey to the defendant the full acreage contracted for. The note was for $2,000, dated June 2, 1916, and drawn to become due on June 2, 1921, with 5% interest.

■ The plaintiff in reply pleaded the statute of limitations as against any purported obligation of the father to convey to the defendant an additional 40 acres of land. The question presented upon the pleadings is: Not whether the defendant had a valid cause of action against his father for failure to convey the land, but whether in November, 1927, there was a bona-fide controversy between the parties; whether the defendant was in good faith asserting a claim against his father; and whether as a compromise or settlement of such controversy the father agreed to cancel the note in suit. Partello v. White, 197 Iowa 24; Abell v. Partello, 202 Iowa 1236 (1244). If there was a bona-fide controversy, and if there was an agreement of compromise of such controversy, the relative *merits* of the respective contentions of the parties will not be inquired into in order to determine the validity of the compromise agreement. The plaintiff's plea of the statute of limitations as against the contract of 1903 to 1910 avails nothing. It follows from the foregoing that the burden was on the defendant to prove the *compromise* pleaded. It is not sufficient that he prove a mere promise by his father in November, 1927, to cancel the note. He must also prove that a *dispute or controversy was compromised.* Otherwise the alleged promise was without consideration. The evidence is brief, and consists of the testimony of the defendant's wife and his daughter, each of whom heard the conversation between the defendant and his father in November, 1927. Mrs. Lynch testified as follows:

"Well, Mr. Lynch said: 'I wanted to give you 80 acres. I have given you 40 and my wife won't sign the deed and will you be satisfied to take this $2000 note instead of the other 40 acres?' Tomie said, 'You can use the money and I can use the land.' And he said, Mr. Lynch said, that, 'Well, she won't sign the deed,' and Tomie said, 'Well, if that is satisfactory to you I will settle that way.' Mr. Lynch said, 'I will try her once more and if she doesn't sign the deed I will cancel the note and it will never bother you again.' And Tomie said, 'That will be all right with me.'"

The defendant's daughter, Margaret, testified as follows:

"My grandfather said that he was to give my father 80 acres of land for staying at home and working after he was of age. He had already given him 40 acres and he was unable to give him the other 40 because my" grandmother would not sign the deed. My grandfather said, 'Would you be satisfied to take this $2000 note instead of the other 40 acres of land' which he was to give to him. My father said that he would rather have the land. My grandfather said it would be impossible for him to give him the land, and again he said that his wife would not sign the deed; so my father said that if that was satisfactory that he would take the note instead of the land. My grandfather said, 'I will try once more to get my wife to sign the deed, and if she can not, we will consider this note cancelled or paid.' My father said that would be all right. * * * Q. Just state what your grandfather said. A. 'I was to give you 80 acres of land for staying at home and working after you were 21 years of age.' Q. What else? 'A. 'But I cannot give you the other 40 acres now because my wife will not sign the deed.'"

Later in the course of the trial the wife testified as follows:

"He [the father] said he had always promised him 80 acres for staying at home after he was come of age and he agreed to give it to him."

The foregoing comprises all the evidence introduced by defendant in support of his defense. It discloses a promise by the father. It fails to disclose any consideration for it within the meaning of the law. If the promise had been made to compose a dispute or controversy between the parties, that would be a sufficient consideration, as already indicated. But the evidence discloses no dispute. The defendant was asserting no claim of right against his father;

nor asserting that his father was at that time under any legal obligation to him. Only the father asserted his own purpose and wish, past and present.

It is perhaps true that it would have been open to the defendant in this suit to plead and prove as a consideration that at the time of the promise the father was under a legal and valid obligation to him to convey 40 acres of land. Such proof would afford sufficient consideration for the father's promise, regardless of whether it was made as a compromise. But the defendant rested his defense upon the claim of *compromise*, and not upon the claim that a valid obligation existed on the part of his father to him. Under the law of compromise he was not bound to show the actual validity of his compromised claim. In the absence, however, of an actual compromise of a dispute, the defendant is left without any showing of consideration for the promise relied on. Upon this record, we think it must be said that the defendant proved the naked promise of his father, but failed to prove any legal consideration therefor. The district court therefore properly directed a verdict.

The judgment is—Affirmed.

STEVENS, C. J., and KINDIG, BLISS, and CLAUSSEN, JJ., concur.