**ATLANTIC VENEER CORPORATION,**
Appellee,

v.

**Carroll SEARS and Lois M.
Sears, Appellants.**

No. 56991.

Supreme Court of Iowa.

Aug. 29, 1975.

Charles L. Elson, Leon, for appellants.

Elton A. Johnston, of Johnston & Miles, Corydon, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and McCOR-MICK, JJ.

RAWLINGS, Justice.

Action by plaintiff, Atlantic Veneer Corporation, resulted in judgment on promissory note against defendant, Carroll Sears, and he appeals. We affirm.

Plaintiff Atlantic is a North Carolina corporation engaged in manufacture of wood products. Defendant Sears was at all times here concerned in the log-buying business. March 6, 1965, these parties entered into a written agreement whereby plaintiff agreed to make available to defendant a revolving fund of working capital by which the latter could effect log purchases. As a part of this agreement Atlantic was permitted to repurchase logs from Sears at a price favorable to both. This 1965 contract specifically required each party to render, at least once every 30 business days, a strict accounting of debits and credits.

Throughout the following years the parties engaged in some buy and sell dealings not contemplated by their contract. More specifically, in some instances, "cost plus" transactions were consummated under which defendant would be reimbursed the purchase price of logs secured for plaintiff and additionally receive a commission plus expenses.

November 3, 1970, defendant executed and delivered to plaintiff a promissory note for $54,299.06, payable on demand. Sometime thereafter there were further log buying ventures which, in effect, reduced defendant's indebtedness to $47,743.76.

July 7, 1971, plaintiff commenced the instant action for recovery of the last above stated balance owing on the note. In answer to plaintiff's petition defendant alleged the note was procured by fraud and that there was no consideration for same because plaintiff had not regularly accounted to defendant in accord with the March 1965 contract. By counterclaim defendant also requested an accounting as to transactions between the parties and judgment for any balance resultantly found due to defendant. By answer thereto plaintiff alleged it had made timely accountings and settlement between the parties had been effected by virtue of the aforesaid note. Additionally, during trial, with leave of court granted, plaintiff amended its answer to defendant's counterclaim thereby alleging the November note had been executed by defendant and delivered to plaintiff in full settlement of all accounts between the parties and defendant was estopped to have benefit of an accounting.

Evidence in accord with defendant's request for an accounting was introduced in full. After introduction of all testimony trial court granted plaintiff judgment against defendant for $47,743.76. In so doing the court found defendant had failed to prove plaintiff had either (1) fraudulently induced him to execute the note or (2) failed to periodically supply a debit and credit accounting in accord with the original agreement.

In support of a reversal defendant asserts five issues. Reduced to bare essentials he thereby contends trial court erred in (1) holding plaintiff did not fraudulently in-

duce defendant to give the November 3, 1970 note; (2) allowing plaintiff's in-course-of-trial amendment of its answer to defendant's counterclaim thereby alleging final settlement and estoppel; (3) holding the note was a final settlement of all preexisting obligations between the parties.

I. Before entertaining defendant's contentions we first consider our scope of review.

■ Generally, an action on contract is treated as one at law. See *Brammer v. Allied Mutual Insurance Company*, 182 N.W.2d 169, 172 (Iowa 1970).

■ Conversely, accounting issues are usually deemed to stand in equity. See *Engel v. Vernon*, 215 N.W.2d 506, 512 (Iowa 1974); 1 Am.Jur.2d, Accounts and Accounting, § 44; 1 C.J.S. Accounting § 14.

■ As above stated, plaintiff commenced an action at law for recovery on the November 1970 note. By counterclaim, however, defendant sought an accounting. Apparently trial court proceeded on the premise this issue was determinable in equity, albeit validity of the contract must be resolved at law. See generally 27 Iowa L.Rev. 451 (1942). All issues, legal and equitable, were tried to the court. Further in this regard, we have repeatedly held a cause is reviewed as tried below. See *In re Estate of Dallman*, 228 N.W.2d 187, 189 (Iowa 1975); *Davis v. Hansen*, 224 N.W.2d 4, 5 (Iowa 1974). Therefore, our review on the question as to validity of the contract is governed by this well established rule in the case of *In re Estate of Dallman, supra*:

" '[F]indings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. *If supported by substantial evidence* and justified as a matter of law, the judgment will not be disturbed on appeal. * * * It follows, the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision.' "

On the other hand, as to trial court's disposition of the accounting issue, our review is de novo. See *Engel v. Vernon*, cited above.

And as this court said in *Ontjes v. McNider*, 224 Iowa 115, 120, 275 N.W. 328, 331 (1937):

"[W]e see no insuperable difficulty in reviewing the equitable issues by trial *de novo*, while considering the alleged errors asked to be corrected in the law action, in an appeal from the final judgment on the merits."

II. As heretofore noted, it is initially contended trial court erroneously found defendant was not fraudulently induced to execute the above mentioned note. This claim is apparently premised upon certain entries in plaintiff corporation's books.

Defendant's Exhibit A is a ·copy of a ledger account maintained by plaintiff. Debit and credit entries therein reflect transactions between the parties commencing January 31, 1965. As of June 30, 1969, defendant owed plaintiff a balance of $52,-311.21. A subsequent entry, again dated June 30, 1969, discloses defendant's account was credited by a $26,111.21 write-off. This facially reduced to $26,200 defendant's stated balance. Further additions and subtractions by way of debit and credit entries to defendant's June 30, 1969 account of $26,200 resulted in a balance of $31,187.85. Plaintiff later redebited defendant's account in the amount of the previous June 30, 1969, $26,111.21 write-off. This redebit, when added to defendant's previously noted balance of $31,187.85, made a total of $57,-299.06 owing to plaintiff.

As stated, defendant executed a note payable to plaintiff for such sum, being the balance then shown on plaintiff's ledger. In an attempt to defeat recovery thereon, defendant contends plaintiff was obligated to inform him of the June 30, 1969 write-off before he signed the November note and failure to do so resulted in fraudulently inducing him to execute the instrument for a greater sum than was owing.

■ The essential elements of fraud are set forth in *Phoenix v. Stevens*, 256 Iowa 432, 436, 127 N.W.2d 640 (1964), and need not be here repeated. Moreover, the burden was upon defendant to establish every element of such defense asserted by him. See *Phoenix v. Stevens, supra; Lamasters v. Springer*, 251 Iowa 69, 73, 99 N.W.2d 300 (1959).

There is no need to dwell at length on defendant's instant assignment. Our examination of the record fails to disclose defendant was in any manner deceived or injured by the aforesaid write-off and re-debit. In fact, this book transaction was merely an intercorporate entry effected entirely for tax purposes. Illustratively, trial court stated:

"This [June 30 write-off] was entirely an internal matter of the company. Their outstanding advance account with Mr. Sears was not being reduced. Their certified public accountants advised them through a correcting entry to transfer that amount [$26,111.21] from Mr. Sears' account, crediting him and debiting the log purchase account which would have the effect of showing an increased cost of logs purchased. This is logical."

■ In brief, trial court correctly found defendant had failed to carry his burden of proof on the asserted defense of fraud in connection with the giving of said November 1970 note.

Defendant's first contention in support of a reversal is devoid of substance.

III. We next entertain defendant's claim to the effect trial court abused its discretion in allowing the in-course-of-trial amendment of plaintiff's answer to defendant's counterclaim. Leave to file same was granted over defense counsel's objection during examination of defendant's first witness.

Relevant here is Iowa R.Civ.P. 88 which provides:

"Any pleading may be amended before a pleading has been filed responding to it.

The court, in furtherance of justice, may allow later amendments, * * * which do not substantially change the * * * defense."

■ Allowance of an amendment to a pleading is the rule and denial the exception, although an amendment is not permissible which will substantially change the issue. Additionally, a trial court has considerable discretion as to whether an appropriate request for leave to amend should be granted or denied and we will reverse only where a clear abuse of discretion is shown. See *Mora v. Savereid*, 222 N.W.2d 417, 422 (Iowa 1974); *Galbraith v. George*, 217 N.W.2d 598, 601 (Iowa 1974); *Madison Silos, Div. of Martin Marietta Corp. v. Wassom*, 215 N.W.2d 494, 497 (Iowa 1974).

■ Looking now to the pleadings, paragraph 2, count III of plaintiff's original answer to defendant's counterclaim contains this relevant allegation:

"[A]nd [plaintiff] admits that true accountings were made from time to time, and furnished by Plaintiff to Defendant, including a full and complete accounting on or about September 30, 1970, which culminated in the approval thereof and the execution of the [November 3, 1970] note * * *."

Plaintiff's subsequent amendment stated, in part:

"That the said [November 3, 1970] note was offered by the Defendant * * * and Plaintiff accepted the same as full and complete settlement * * * of its claim * * * and that the Defendant is now estopped from proceeding with * * * his demand for an accounting."

At the outset it is apparent this amendment neither asserted a new defense to defendant's counterclaim for accounting nor materially changed plaintiff's original defense. It further appears, despite the fact that plaintiff did not specifically use the word "estopped" or "estoppel" in its original responsive pleading, such was, in essence, pled by facts giving rise thereto.

See *Janssen v. North Iowa Conf. Pen., Inc. of Meth. Ch.*, 166 N.W.2d 901, 907 (Iowa 1969).

■■■ Furthermore, settlement and estoppel constitute an appropriate defense to an action for accounting. See 1 Am.Jur.2d, Accounts and Accounting, § 61; 1 C.J.S. Accounting § 29.

We find no abuse of discretion by trial court in permitting the controverted amendment.

Defendant's second assigned error is without merit.

IV. As aforesaid, defendant finally maintains trial court erred in holding the subject note given by him to plaintiff constituted a settlement of all preexisting accounts between them.

In this regard trial court, relying on § 3–307 of the Uniform Commercial Code (The Code 1971, Section 554.3307) apparently placed upon defendant the burden to show a final settlement of then existing accounts had been not effected by his giving of the November 1970 promissory note.

Demonstrably, trial court found:

"In Corpus Juris Secundum, while the execution and delivery of a note raises a presumption is not conclusive but it may be rebutted by evidence clearly showing the contrary. I would also refer counsel to the Uniform Commercial Code under which this transaction would come since the note was executed and this suit was brought since the adoption of this body of law by this State, and I am quoting now from Commercial Code 3–307, sub. 2, 'When signatures are admitted or established, production of the instrument entitles the holder to recover on it unless the Defendant establishes a defense,' and 'holder' as used in that connection is not confined to holder in due course. The company here is a holder for the purpose of this definition."

Thereupon the court apparently concluded defendant did not carry his burden of proof in that he failed to overcome the presumption of settlement attendant upon execution and delivery of the aforesaid note.

■■■ But in this jurisdiction the burden of proof as to settlement is upon the party alleging same and such burden never shifts. See *Stevens v. Gear*, 240 Iowa 1348, 1356–1357, 39 N.W.2d 408 (1949); *Gartin's Grocery v. Lucas Co. Ass'n*, 231 Iowa 204, 213, 1 N.W.2d 275 (1941); *Mudra v. Brown*, 222 Iowa 709, 711, 269 N.W. 753 (1936); *Stuart v. Beans*, 221 Iowa 307, 311, 263 N.W. 816 (1935); *Marron v. Lynch*, 215 Iowa 341, 342, 245 N.W. 346 (1932); 15 Am.Jur.2d, Compromise and Settlement, § 42; 15A C.J.S. Compromise and Settlement § 51.

■■■ In light of the fact plaintiff pled settlement, it was required to prove same. See Iowa R.Civ.P. 344(f)(5). Although a presumption as to recoverability on the note was helpful to plaintiff, such did not serve to transfer the initial burden of proof to defendant regarding settlement. See *Riggs v. Gish*, 201 Iowa 148, 153, 205 N.W. 833 (1925); 15A C.J.S. Compromise and Settlement § 51a. See generally 9 Wigmore on Evidence, § 2490 (3d ed. 1940); 44 Iowa L.Rev. 147 (1958).

Noticeably, we are not aided in this case by specific findings of fact, conclusions of law or adjudication by trial court upon the alleged settlement issue. As hereafter disclosed, however, the court below did inferentially resolve the matter of settlement adverse to defendant. And, as stated in *Dairyland, Inc. v. Jenison*, 207 N.W.2d 753, 754 (Iowa 1973), quoting from *Whittier v. Whittier*, 237 Iowa 655, 663, 23 N.W.2d 435 (1946): " 'The determinative factor is the intention of the court as gathered from all parts of the judgment. Effect must be given to that which is clearly implied as well as to that which is expressed.' " See also *Wolf v. Murrane*, 199 N.W.2d 90, 95 (Iowa 1972).

V. The question now posed is whether error as to burden of proof, noted above, necessitates a reversal.

If trial court's aforesaid error was not prejudicial, or defendant was not entitled to a decision favorable to him despite such error, or the judgment is supported by the facts notwithstanding an error of law in arriving at such adjudication a reversal is not mandated. See generally *Burgardt v. Lincoln National Life Ins. Co.*, 260 Iowa 667, 677, 149 N.W.2d 292 (1967); *In re Estate of Lawrence*, 251 Iowa 305, 314, 100 N.W.2d 645 (1960); 5B C.J.S. Appeal and Error § 1789.

Trial court did find, inter alia:

"Now, those statements—as I say, there are many of them in the record here, and, as I understand from the testimony, there are a number which were not put in evidence, but at least as far as those that are in the record, the balances shown on them agree with the balances shown on the Plaintiff's books. I can't quote or cite the exhibit numbers—there are so many of them, but there is in evidence here a Xerox copy of the portion of the Plaintiff's journal which is pertinent to this case, and the balances shown on these letters and other statements do correspond with the balances shown on the Plaintiff's journal.

" * * *

"As I say, there were many, literally dozens of statements rendered to Carroll Sears showing this amount. Mr. Sears contends strenuously that he at no time accepted these amounts as being a final settlement. It is unfortunate, first of all, that we have no comparable records of the Defendant, kept in the ordinary course of business, which reflects his position here. It is unfortunate also, I think, from the Defendant's standpoint that none of these complaints, if you wish to call them that, or none of this dissatisfaction or that none of this failure to agree with the balance due—none of these objections were made in written form of which Plaintiff would have a copy.

" * * *

"Let's look at some of the circumstances surrounding the execution of this note. The Defendant claims that he was told that the note was merely to show the company or show on the company's books what was due and that he was assured he would never be brought into court on it. I think I have to bear in mind also at the time he signed this note, from the Defendant's own testimony there were many matters going clear back to 1966, as far back as the Postville timber and the Bauer timber he claimed had not been settled, but he signed that note. * * * It shows in this record he has been in the implement business, he has been in the logging business, and he has been in the farming business. He is fully competent. He is no fool. It is without dispute in this record that before this note was executed the Plaintiff, through its agent, Mr. Meyers asked the Defendant, Mr. Sears, for a mortgage on his farm, and certainly for anyone of even limited business experience, if a mortgage on one's farm is sought, you would certainly know that the person asking for the mortgage and later for a note was wanting something more than mere eyewash for the company's books. I think that would alert anyone to the fact that they were looking for security for the money owed.

"As I say, we have a note here and we have the presumptions attendant on it. We have the circumstances surrounding the execution of the note. If Mr. Sears believed that instead of he owing the Plaintiff the amount of that note, that in fact they owed him money, and by the figure submitted something over $50,000 in excess of the note, why would he feel constrained to sign a note? Why wouldn't he say, 'Let's sit down and straighten this out. If I owe you, I'll give you a note. If you owe me, pay me.' He didn't do this. He signed the note."

Even more significantly, the "Judgment Entry" in this case provides in part:

"[S]aid Defendant has failed to support the allegations of his Answer and has

failed to prove the defense therein claimed and *that on the whole case*, the Court finds that the Defendant, Carroll Sears, is justly owing the Plaintiff as set out in Plaintiff's Petition and that the Plaintiff is entitled to recover from the Defendant, Carroll Sears, thereon. (emphasis supplied).

"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff have and recover judgment against the Defendant, Carroll Sears, for $47,743.76 with interest thereon at 5% per annum payable annually from January 13, 1972, and for statutory attorney fees in the amount of $517.45 and the costs of this case, to all of which the Defendant excepts."

Each party was permitted to fully present all evidence touching upon issues raised by the pleadings. And, on the case as made, it is evident the note given by defendant to plaintiff November 3, 1970, did as a matter of law constitute a settlement of mutual accounts as of said date. In other words, placing the aforesaid burden of proof on plaintiff produces the same result as was reached by trial court. Consequently, said error by trial court was not prejudicial. See *Dye Produce Co. v. Davis*, 202 Iowa 1008, 1017, 209 N.W. 744 (1925); *Miller v. Kramer*, 154 Iowa 523, 527, 134 N.W. 538 (1912); *Texas Real Estate Commission v. Sandefur*, 279 S.W.2d 954, 955 (Fort Worth, Tex.Civ.App.1955); cf. *Yeager v. Firestone Tire & Rubber Co.*, 253 Iowa 369, 377–378, 112 N.W.2d 299 (1961); *Comparet v. Metz Co.*, 222 Iowa 1328, 1330–1331, 271 N.W. 847 (1937); *Foley v. Mathias*, 211 Iowa 160, 163–164, 233 N.W. 106 (1930).

Upon an examination of the record before us we are satisfied the judgment appealed from is right. Moreover, since the result reached is evidentially proper, a reversal would (1) cause a needless waste of judicial effort and (2) possibly invite another fruitless appeal.

Affirmed.