William A. ASHTON and Ann M. Ashton, Husband and Wife, and Edward L. Ashton, Plaintiffs-Appellants,

v.

Colleen BURKEN and Earl A. Burken, Wife and Husband; Patricia D. Richter and Dennis D. Richter, Wife and Husband; M.F. Sharon Dierks and Herman H. Dierks, Wife and Husband; the Mutual Benefit Life Insurance Company, Newark, Defendants-Appellees.

No. 86–125.

Court of Appeals of Iowa.

Jan. 28, 1987.

John T. Flynn of Brubaker, Flynn & Darland, Davenport, for plaintiffs-appellants.

Robert J. McGee of McGee, Schoenauer & Wolfe, Clinton, for defendants-appellees.

Considered by OXBERGER, C.J., and SNELL, and HAYDEN, JJ.

HAYDEN, Judge.

Pursuant to Iowa Code chapter 650, plaintiffs filed a petition seeking to establish a boundary by acquiescence on bluff property overlooking the Mississippi River. On October 22, 1985, trial was held on this petition and on December 31, 1985, an order was entered in favor of the defendants. From this order plaintiffs have appealed.

Plaintiffs sought to establish a fence located along the top of a bluff overlooking the Mississippi River constituted the western boundary of their property as opposed to the description under the deeds which placed the property line below the bluffs. The following map describes the property involved; tracts B, C, and D belong to various members of the Ashton family; tract A is the property in dispute and the western boundary of tract A is the fence which plaintiffs seek to establish as the boundary.

The fluctuating line through tract A represents the bluff line; tract A is virtually vertical. The map is taken from the surveyor's map (plaintiff's exhibit 14).

The Ashton family has been enjoying this property along the Mississippi River for over half of a century. As shown on the map, two cabins have been constructed by the plaintiffs on their property. Beyond the determination as to where the boundary exists plaintiffs have pursued this action in order to prevent defendants from building on the bluff above them. Tract A has additional value because the river is visible from the bluff line.

Plaintiffs contend the trial court erred in: (1) failing to follow a presumption in their favor; and (2) finding sufficient evidence to support the conclusion that the fence was only a barrier fence and not a boundary fence.

## I.

■ When considering an action brought under Iowa Code chapter 650, we review it on assigned errors of law. *Davis v. Hansen*, 224 N.W.2d 4, 5 (Iowa 1974). After a careful review of the record and considera-

tion of the trial court's ruling on objections, we conclude the trial was at law. The trial court ruled on all but a few objections as they were made at trial, the hallmark of a law trial. *Sille v. Shaffer*, 297 N.W.2d 379, 381 (Iowa 1980). "The issue of acquiescence presents mostly fact questions, and the judgment in such a case has the effect of a jury verdict." *Brown v. McDaniel*, 261 Iowa 730, 732, 156 N.W.2d 349, 351 (1968).

## II.

Plaintiffs contend the trial court erred in "failing to follow the presumption of a boundary line agreement arising when a fence has been erected by adjoining property owners who, for a long period of time, treat the fence as fixing the boundary line." We disagree.

■ Adjoining landowners may establish a boundary line by mutually acquiescing in a dividing line definitely marked by a fence or some other manner for a period of at least ten consecutive years, even though a survey may show otherwise, and neither party intended to claim more land than called for by his deed. Iowa Code § 650.14

(1985). *Ivener v. Cowan,* 175 N.W.2d 121, 123 (Iowa 1970). "Acquiescence may be inferred from the silence or inaction of one party *who knows* of the boundary line claimed by the other and fails to take steps to dispute it for a ten year period." *Dart v. Thompson,* 261 Iowa 237, 241, 154 N.W.2d 82, 84–85 (1967) (emphasis added). Knowledge by both parties is a condition precedent for the existence of acquiescence. *Petrus v. Chicago, Rock Island & Pacific Railroad Co.,* 245 Iowa 222, 228, 61 N.W.2d 439, 442 (1953).

> Acquiescence involves more than a mere establishment of a line by one party, and the taking of possession by him. It involves the idea that the other, with knowledge of the line so established and the possession taken, assents thereto, and this may be shown by his conduct, by his words, or even by his silence. There must, however, be something in the record to show that the party, charged with acquiescence, consented to the act of the other in establishing the line and assuming possession. Acquiescence means a consent to the conditions, and involves knowledge of the conditions.

*Griffin v. Brown,* 167 Iowa 599, 611–12, 149 N.W. 833, 838 (1914).

The burden is upon the party claiming a boundary line, other than the legal description as disclosed by a survey, to establish the mutual acquiescence by clear proof. *Davis v. Hansen,* 224 N.W.2d at 6, and *Drake v. Claar,* 339 N.W.2d 844, 847 (Iowa Ct.App.1983).

■■■■ The trial court concluded plaintiffs had failed in this burden of proof. Plaintiffs now argue the trial court failed to consider the presumption that a fence constructed jointly with a neighboring farmer and left in the same place for a long period of time becomes the boundary by agreement. In this argument plaintiffs have conveniently left out the knowledge element required to prove acquiescence. The only presumption, which the supreme court recognizes in boundary by acquiescence cases, is as follows:

> ... the reciprocal recognition of and acquiescence in a fence as marking the boundary through occupation and exercise of exclusive dominion thereto by the respective adjoining owners for a period of ten years raise a conclusive presumption of an agreement upon the line so marked as the boundary.

*Sieck v. Anderson,* 231 Iowa 490, 498, 1 N.W.2d 647, 650 (1941). This proposition makes it clear that any presumption in such cases does not arise until mutual acquiescence has been established.

Plaintiffs have failed to show the defendants' acquiescence in the fence as the boundary line. As mentioned, defendants' knowledge of the plaintiffs' claim is critical. Defendants must assent or consent to claimant's possession by words, conduct, or even silence. In the present case plaintiffs not only failed to show defendants' consent, they failed to prove their use or possession of the disputed property.

### III.

Plaintiffs contend there is insufficient evidence in the record to support the trial court's finding of fact that the fence was only a barrier fence and not a boundary fence.

Initially, we note this case is reviewed as tried in the court below. *Mosebach v. Blythe,* 282 N.W.2d 755, 758 (Iowa 1979). If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. *Atlantic Veneer Corp. v. Sears,* 232 N.W.2d 499, 502 (Iowa 1975).

The trial court found the fence in question had been in place since at least 1937. Plaintiffs' predecessor supplied the materials needed for the fence and the defendants' predecessor built it. The court found because of the vertical characteristic of the land it would be difficult, if not impossible, to build a fence on the actual boundary line. The land above the bluff was found to be agricultural and animals grazed in

the area, making the fence necessary for the animals' protection. The court concluded the fence was constructed as a barrier to protect the animals' grazing upon the bluff.

 We agree with the trial court's conclusion that the fence was originally built as a barrier to prevent animals on the bluff from falling down the cliff. Acquiescence in the existence of a fence as a barrier, not as a boundary, is not such recognition as will establish it as a true boundary line. *Ivener v. Conan,* 175 N.W.2d at 122. The next question is whether any of the subsequent adjoining landowners recognized the dividing line as the boundary for ten years. *See Sorenson v. Knott,* 320 N.W.2d 645, 647 (Iowa Ct. App.1982). Regarding this showing, the plaintiffs had the burden of proof and, as pointed out, plaintiffs have failed said burden. In fact, extensive evidence was present which supported the conclusion that defendant's predecessors knew the fence was not the actual boundary and that the boundary was down the cliff. The mere existence of a fence is insufficient to prove acquiescence; a fence can be construed for purposes other than a boundary. *United States v. Wilcox,* 258 F.Supp. 944, 946 (N.D.Iowa 1966). Here the plaintiffs showed the longtime existence of a fence, their occasional use of the disputed tract of land, and defendants' intention to develop it. "One cannot acquiesce in a line created by himself and bind another party to such acquiescence, even though he acts in good faith and believes it to be the boundary line." *Dwight v. Des Moines,* 174 Iowa 178, 183, 156 N.W. 336, 338 (1916). Acquiescence is conditional upon mutual consent to the boundary marker as the actual boundary line. No such consent was shown.

Finally, defendants raise the issue as to whether plaintiffs' claim is barred pursuant to Iowa Code section 614.17 (1985). This issue was not addressed by the trial court. Since we affirm the trial court's order in favor of defendants, we consider this issue irrelevant.

AFFIRMED.