Ronald G. HARVEY and Bonnie
L. Harvey, Appellants,

v.

Emlyn E. PLATTER and Joyce
M. Platter, Appellees.

No. 91–1556.

Court of Appeals of Iowa.

Nov. 30, 1992.

Dorothy L. Dakin of Dakin Law Office, Boone, for appellants.

Bruce L. Anderson of Courter, Quinn, Doran & Anderson, Boone, for appellees.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

This case involves a boundary dispute between property owners in Boone, Iowa. The two lots in issue, Lots 12 and 13 of the Fairground Addition in Boone, are bounded on the north by an alley and on the south by Mamie Eisenhower Avenue, which at one time was Highway 30. Lot 12 is to the east of Lot 13.

Plaintiffs Ronald and Bonnie Harvey purchased Lot 13 from Robert Sunstrom in 1968. Sunstrom had enclosed the lot with a white picket fence in 1962 because he wanted to keep his children from going onto Highway 30. Sunstrom did not have a survey conducted before he erected the fence, but the mayor and city inspector helped him measure the lot.

When the fence was erected John and Fern Vignovich lived at Lot 12. John died in 1988, and Fern sold the property to defendants Emlyn and Joyce Platter in 1990. By deposition Fern testified she and her husband had believed the fence went onto their property, but they had never said or done anything about it.

Beginning in about 1981 the Vignoviches hired members of the Harvey family to mow their lawn. Thus, for about ten years prior to the present suit the Harveys had mowed all of Lots 12 and 13. Prior to 1981 the owners of Lots 12 and 13 had each maintained the property on their side of the fence.

The Platters decided to erect a new fence because the original fence was in poor re-pair. They hired an engineer to survey the property. The survey showed the fence did not follow the true boundary line between the lots. The fence is very close to the survey pin on the south end of the property but veers to the east onto Lot 12 by about three feet on the north end.

The Harveys brought the present action seeking to have the fence line established as the boundary line between Lots 12 and 13. They claimed the fence had been recognized and acquiesced in as the boundary line for over ten years. The court concluded the Harveys had failed to carry their burden of proof to show the Vignoviches or the Platters had acquiesced in the fence as a boundary line. The court then dismissed the action. The Harveys have appealed.

I. The first issue before us is the proper scope of review. Plaintiffs' petition was brought under theories of acquiescence and adverse possession and sought equitable relief. Plaintiffs later filed a motion to amend their petition to specifically designate it as an action at law and to ask for relief pursuant to Iowa Code chapter 650. At trial plaintiffs dismissed their claim based on adverse possession. Thus, although the district court did not rule on plaintiffs' motion to amend, the case was tried solely on the claim of acquiescence. The court ruled on evidentiary questions as they arose.

We determine this case was tried pursuant to chapter 650 as an action at law. A suit to establish title by acquiescence is contemplated by section 650.14. *Sille v. Shaffer*, 297 N.W.2d 379, 380 (Iowa 1980). Actions brought under chapter 650 are reviewed on assigned errors as in a law action. *Drake v. Claar*, 339 N.W.2d 844, 846 (Iowa App.1983). The trial court's findings of fact are binding upon us if supported by substantial evidence. *Id.*

II. The Harveys contend the district court's decision was not in accordance with applicable law nor supported by substantial evidence. They claim the court incorrectly required them to show they made an express statement to the owners of Lot 12 they considered the fence a boundary.

Further, they claim the court incorrectly concluded because the fence had originally been erected as a barrier it could not thereafter be considered as a boundary.

■■■ A party seeking to establish a boundary other than the legal description as disclosed by a survey has the burden of proving it by clear evidence. *Drake*, 339 N.W.2d at 847. Adjoining landowners may establish a boundary line definitely marked by a fence or some other manner for a period of at least ten years, even though a survey may show otherwise and neither party intended to claim more land than called for by his deed. *Id.*

■■■ Acquiescence may be inferred from the silence or inaction of one party who knows of the boundary line claimed by the other and fails to take steps to dispute it for the ten-year period. *Ashton v. Burken*, 403 N.W.2d 52, 55 (Iowa App.1987). Knowledge by both parties is a condition precedent for the existence of acquiescence. *Id.* One cannot acquiesce in a line created by himself and bind another party to such acquiescence, even though he acts in good faith and believes it to be the boundary line. *Id.* at 56.

■■■ We conclude the district court correctly applied the legal principles we have set forth here. The Harveys were required to show the owners of Lot 12 knew they were claiming the fence was the boundary. The Harveys had to show they either told the owners of Lot 12, or engaged in conduct which would lead the owners of Lot 12 to believe, they claimed the fence as the boundary line. The district court did not state the Harveys could only meet their burden of proof by showing they made an express statement concerning the location of the boundary.

■■■ Also, the district court correctly set forth the rule acquiescence in the existence of a fence as a barrier, not as a boundary, is not such recognition as will establish it as a true line. *Ivener v. Cowan*, 175 N.W.2d 121, 122 (Iowa 1970). As noted by plaintiffs, a fence erected for a purpose other than to mark a boundary may later become a boundary if the adjoining landowners acquiesce in it as such for the statutory period of ten years. *See Mahrenholz v. Alff*, 253 Iowa 446, 452, 112 N.W.2d 847, 850 (1962). However, this leads us back to the question of whether the fence was acquiesced in merely as a barrier or as a boundary. We affirm the district court's finding there was insufficient evidence the fence here was acquiesced in by all parties as the boundary between the lots.

Based on our conclusions here, we also determine the district court did not err in failing to find acquiescence in the fence as a boundary as a matter of law, as argued by the Harveys.

■■ III. The Harveys contend the district court erred by failing to include material and uncontroverted evidence in its findings of fact. Ronald Harvey testified a catalpa tree was growing on his lot to the west of the fence and in 1988 John Vignovich asked him to cut down the tree because the branches were interfering with the Vignovich house. The Harveys claim this was an admission against interest by Vignovich the tree and the property immediately to the west of the fence belonged to the Harveys.

The Harveys filed a motion for a new trial pursuant to Iowa Rule of Civil Procedure 244 claiming because the court did not include the above evidence in its findings of fact, the court's decision was not supported by substantial evidence. The court overruled the motion for new trial, concluding its original decision was correct both in terms of the facts presented and the law of Iowa.

■■ Harveys have not preserved error on this issue. Without a timely motion to enlarge or amend findings pursuant to rule 179(b), a party may not challenge the absence of any particular finding of fact or conclusion of law on appeal. *Nowlin v. Scurr*, 331 N.W.2d 394, 396 (Iowa 1983).

■■ Furthermore, even if this issue had been preserved for review, we are not convinced the evidence presents the inference claimed by plaintiffs. They did not present any evidence to show the tree was actually located on the disputed portion of land.

IV. Fern Vignovich is quite elderly, and she did not testify at the trial due to a doctor's opinion it would be difficult for her to travel. The parties took her deposition, and this was presented at trial pursuant to Iowa Rule of Civil Procedure 144(c) and Iowa Rule of Evidence 804(b)(1).

The Harveys contend the district court erred by refusing to admit into evidence an affidavit of Fern on the ground of hearsay. The affidavit in question was executed in December 1990, which was after she had sold Lot 12 to the Platters, but before her deposition was taken. The Harveys claim the affidavit should not be considered hearsay because it represents Fern's own observations, thoughts, and statements.

 Under rule 801(c) "hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Testimony at trial which only reflects what the witness herself observed, thought, or stated is not considered hearsay. *State v. Mattingly,* 220 N.W.2d 865, 866 (Iowa 1974). Obviously, however, Fern's out-of-court statement reflecting her observations, thoughts, or statements and offer to prove the truth of the matter asserted, should be considered hearsay.

The Harveys do not claim the affidavit comes within any exceptions to the hearsay rule. Therefore, we affirm the district court's ruling finding the affidavit was not admissible into evidence.

V. After considering all of the issues raised by plaintiffs, we affirm the decision of the district court. Costs of this appeal are assessed to plaintiffs.

AFFIRMED.

OXBERGER, C.J., concurs.

SCHLEGEL, J., dissents.

SCHLEGEL, Judge (dissenting).

I respectfully dissent.

I believe the majority has elevated a claim of acquiescence in a boundary line to the level of an adverse possession claim. Judging from the majority opinion, it appears that a party claiming a barrier (fence) as a boundary must *positively assert* to the party upon whose land the barrier encroaches that the barrier is a boundary. The majority implies such an assertion is necessary, even though the boundary claim—as evidenced by the fence—has existed for many more than ten years as prescribed by Iowa Code section 650.14 (1991).

It seems to me that the instant case is precisely the type of case intended by section 650.14. The fence was erected between lots 12 and 13 by a predecessor in title in 1962. The title was recognized as the boundary between these lots for all of the years the two predecessor owners held title to the land. The Platters were confronted with the fence when they purchased the land and considered it the boundary for the entire time they owned it. They testified they did not believe the fence was on the line; however, *they did not do anything about it.*

In other words, the Platters allowed the Harveys to believe the fence was the boundary and permitted the Harveys to care for the two or three feet of land erroneously included in lot 13, without saying anything to the contrary. The Platters cannot claim now, "[w]e didn't have notice that the Harveys claimed the fence as the boundary." Iowa Code chapter 650 (1991) and, specifically, Iowa Code section 650.14 (1991) were adopted to address the exact problem arising in the instant case. To rule as the district court did and as the majority has done is to render this provision meaningless. I would reverse.