# IN THE COURT OF APPEALS OF IOWA

No. 14-1997
Filed December 23, 2015

**MICHAEL HOWARD LANG,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

    Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.


    An applicant appeals from the trial court's refusal to permit an amendment to his postconviction-relief application and its dismissal granted pursuant to the State's motion for summary judgment. **AFFIRMED.**


    Tod J. Deck of Deck Law, L.L.P., Sioux City, for appellant.

    Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee State.


    Considered by Vogel, P.J., Bower, J., and Goodhue, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Michael Howard Lang appeals from the trial court's refusal to permit an amendment to his postconviction-relief application and its dismissal granted pursuant to the State's motion for summary judgment.

## I. Background Facts and Proceedings

Lang was convicted of kidnapping in the first degree in 1989 and sentenced to prison for life without parole. The conviction was based on kidnapping accompanied by torture. Lang appealed and the conviction was affirmed. *See State v. Lang*, No. 88-1469, __ WL __ (Iowa Ct. App. Mar. 27, 1990). He has since filed six requests for postconviction relief and one action for habeas corpus with the federal courts.

The State filed a combined motion for summary judgment and statement of undisputed facts asking the court to take judicial notice of Lang's previous applications for postconviction relief and their dismissal. The State asserted that his claims were all barred by the three-year statute of limitations, by a failure to raise the claim in a previous proceeding, or by a prior adjudication, all as provided by statute. *See* Iowa Code § 822.3 (2013). To the extent that the State's motion consisted of a statement of undisputed facts, the asserted facts were not resisted by Lang.

After the State filed its motion for summary judgment, Lang filed a request to supplement his application for postconviction relief accompanied by the proposed supplemental application. The supplement's sole claim was that the sentence imposed on Lang constituted cruel and unusual punishment prohibited

under the Eighth Amendment of the United States Constitution and article 1, section 17 of the Iowa constitution.

The trial court granted the State's motion for summary judgment and denied Lang's request to have the supplemental application considered. The court found that Lang's claim of a violation of the prohibition against cruel and unusual punishment had previously been considered and denied in one of Lang's prior appeals. *See State v. Lang*, No. 10-1797, 2011 WL 5867932 (Iowa Ct. App. Nov. 23, 2011). The trial court reasoned that no justiciable issue existed and therefore, the amendment should not be granted. In addition, the trial court, pursuant to Iowa Code section 610A.3, sanctioned Lang by ordering that fifty percent of any earned-time credits accrued should be forfeited and if no good-time credits existed, twenty-five percent of the average balance of his inmate account should be forfeited as provided for in Iowa Code section 904.7202.

Lang has appealed and in his brief has challenged the trial court's order of sanctions, the denial of his request to file an amendment to the application for postconviction relief, and the trial court's finding that the issue of cruel and unusual punishment had already been adjudicated.

## II. Error Preservation

When there is a claim that a sentence is inherently illegal based on its violation of a constitutional provision it may be brought at any time. *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009).

## III. Scope and Standard of Review

A court's denial of a request to amend is reviewed for a clear abuse of discretion. *Atlantic Veneer Corp. v. Sears*, 232 N.W.2d 499, 503 (Iowa 1975). A

trial court's ruling on a motion to amend will be reversed only when a clear abuse of discretion exists. *Id.* To the extent that the request to amend was in the context of a request for postconviction relief, the review is for errors of law, except when a constitutional issue is involved, the review is de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## IV. Discussion

Amendments are to be freely given when justice requires. Iowa R. Civ. P. 1.402(4). Courts are further advised to grant amendments if an amendment does not substantially change the issues or constitute a surprise to the other party. *Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 767 (Iowa 2002). Lang had attacked his sentence in a previous postconviction-relief action on the grounds that it constituted cruel and unusual punishment. *See Lang*, 2011 WL 5867932, at *1. When an amendment presents no justiciable issue, it should be denied. *Midthun v. Pasternak*, 420 N.W.2d 465, 468 (Iowa 1988).

Lang contends the issue was not adequately briefed or argued in the previous case. Lang places reliance on the appellate court's footnote that observed the absence of the development of Lang's claim of a cruel and unusual sentence. *Lang*, 2011 WL 5867932, at *3 n.1. However, the trial court did consider the issue, and the appellate court also considered the issue on its review. *Id.* at *1-3. Lang further asserts that the court of appeals, in its ruling stated above, completely ignored the rules relative to cruel and unusual punishment as set out in the leading case of *Solem v. Helm*, 463 U.S. 277, 291-92 (1983). The *Solem* case sets out a three-part test, with the initial or threshold test being a preliminary judicial evaluation of whether the sentence reviewed is

grossly disproportionate to the underlying crime. *Bruegger*, 773 N.W.2d at 873 (citing *Solem*, 463 U.S. at 292). The court of appeals, in its opinion considering Lang's previous claim of cruel and unusual punishment, specifically cited Iowa cases holding that a life sentence for kidnapping, with one of the statutorily prescribed enhancements raising it to first-degree kidnapping, did not amount to disproportionate sentencing. *Lang*, 2011 WL 5867932, at *2. The court concluded that Lang's sentence fell under the same classification. *Id.* The threshold set out in *Solem* was never met. Our supreme court has indeed stated that it is a rare sentence in which a threshold comparison of the crime committed and sentence imposed is so grossly disproportionate as to warrant further review. *State v. Musser*, 721 N.W.2d 734, 749 (Iowa 2006). If Lang was dissatisfied with the 2011 decision of the court of appeals, his remedy was to seek further review from the supreme court.

A postconviction proceeding is not a vehicle to relitigate issues that have been previously litigated. *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971). The legislature reinforced the general concept of res judicata by a statute providing that, "Any ground finally adjudicated . . . in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application." Iowa Code § 822.8.

Lang contends that he has the right to challenge the cruel and unusual punishment prohibition as to his particular offense, under the "progress of society" analysis, citing *Trop v. Dulles*, 356 U.S. 86, 100-01 (1958). The rule that an inherently illegal sentence based on the violation of a constitutional or

statutory provision can be raised at any time eliminates the necessity to preserve error. However, it does not give a party license to raise new attacks ad infinitum on a conviction or sentence by raising a new reason or argument as to a claim or issue already litigated. *See* Iowa Code § 822.8. The trial court did not abuse its discretion in failing to grant Lang's request for an amended petition.

## V. Sanctions Imposed

The State does not contest error preservation as to this issue. Our review is for abuse of discretion. *See Maghee v. Iowa Dist. Ct.*, 712 N.W.2d 687, 695 (Iowa 2006). This is the sixth postconviction relief effort that Lang has made, plus he appealed of the conviction and sentence and brought a federal habeas corpus action. In addition, this postconviction action was predicated on a matter raised by a previous proceeding instigated by Lang and ruled on adversely to his claim. The power to sanction criminal defendants under certain circumstances represents the legislature's attempt to deter inmates from filing frivolous lawsuits. *Id.* at 692. Given that Lang raised no unaddressed issue on this, his eighth attack on his conviction and sentence, it was clearly frivolous. The sanctions imposed appear appropriate.

**AFFIRMED.**